GEORGE C. AND SUSAN M. CHRISTIE v. ALBERT H. POWELL

No. 7214SC358

(Filed 2 August 1972)

1. Fraud § 12— insufficiency of evidence to support finding of fraud

The trial judge did not err in finding that there was no fraudulent concealment of any material fact with respect to a foundation wall in premises sold to plaintiffs by defendant where plaintiffs failed to carry their burden of proof in that they failed to satisfy the judge by the greater weight of the evidence that the facts were as they contended.

2. Appeal and Error § 28— findings of fact

The trial court's finding that plaintiffs were under a duty to make further inquiry as to the condition of the basement walls before purchasing a home was a finding of ultimate fact and not a ruling as a matter of law.

3. Appeal and Error § 42— evidence not in record on appeal

When evidence is not contained in the record on appeal it will be presumed that there was sufficient evidence to support the trial judge's findings of fact.

APPEAL by plaintiffs from a Judgment entered by *McKinnon, Judge,* 15 December 1971, following a hearing at the

8 November 1971 Session of Superior Court held in DURHAM County.

The plaintiffs, George C. Christie and wife, Susan M. Christie, instituted this action against the defendant, Dr. Albert H. Powell, seeking to recover actual and punitive damages for the alleged fraudulent concealment and/or nondisclosure of material conditions with respect to the basement foundation wall in the 16 August 1967 sale of the premises to plaintiffs by defendant.

In their complaint, the plaintiffs alleged that at the time of the sale there existed a crack, approximately fifteen feet in length, in the easterly basement wall of the premises, which indicated the likelihood of a serious structural defect; that the cellar had and continued to admit water; that the defendant knew these facts and concealed from plaintiffs his knowledge of these facts for the purpose of inducing them to purchase the premises; and that they did not apprehend nor have cause to apprehend these aforementioned facts when they inspected the premises before purchase. They further alleged that the aforementioned crack first became visible to them in January 1969 and that they, acting on professional advice, undertook repairs to remedy structural defects existing at the time of sale.

In response, defendant admitted the existence of the crack, but alleged that said crack was not such as to constitute a serious structural defect and that said crack was readily apparent and visible to plaintiffs upon entering and inspecting the basement. Defendant further admitted that water had come into the basement after periods of heavy rain, but he alleged this was not a condition which would constitute a serious problem or indicate any serious structural defect. Also, defendant alleged he informed plaintiff-husband that the basement was not dry and that a dehumidifier had been installed for that reason and was a fixture which went with the house. Defendant denied the remaining material allegations of the complaint.

The case was tried by Judge McKinnon, sitting without a jury. He made findings of fact and conclusions of law, and entered judgment for defendant. Plaintiffs appealed to this Court.

---

---

*Powe, Porter and Alphin, by James G. Billings, for plaintiff-appellants.*

*Newsom, Graham, Strayhorn, Hedrick & Murray, by James L. Newsom, for defendant-appellee.*

BROCK, Judge.

[1]    First, plaintiffs assign as error that the trial court ruled as a matter of law that defendant was under no duty to reveal such knowledge as he did have to the plaintiffs, and had no knowledge of sufficient circumstances to put him on notice of the existence of a potentially dangerous condition in the foundation wall.

The plaintiffs' assignments of error nos. 2 and 3 are based on the following finding by the trial judge:

> "The burden of proof being on the Plaintiffs, the Court is not satisfied by the greater weight of the evidence either that a condition existed in respect to the wall at the time of the sale which the Defendant would have been under a duty to reveal, or that Defendant had knowledge of circumstances sufficient to put him on notice of the existence of a potentially dangerous condition and under a duty to reveal such knowledge to a potential buyer, and the Court does not find that there has been a wilful concealment of any material fact such as to constitute fraud in this transaction."

Although the above finding is couched in negative language, it is nevertheless a finding by the trier of the facts that plaintiffs have failed to carry their burden of proof in that they have failed to satisfy him by the greater weight of the evidence that the facts are as they contend.

In assignment of error number 4, the plaintiffs excepted to the trial court's finding and conclusion that defendant had not fraudulently concealed any material fact known or which he should have reasonably known at the time of the sale, and that plaintiffs had not established that they had been damaged as a proximate result of fraudulent concealment by defendant. Again, the plaintiffs contend that this finding and conclusion was error in that the trial court made its holding as a matter of law. We do not agree. This also is a holding, by the trier of

Christie v. Powell

facts, that the plaintiffs have failed to carry their burden of proof on the ultimate issue. The above assignments of error are overruled.

**[2]** Secondly, the plaintiffs assign as error that the trial court ruled as a matter of law that they were under a duty to make further inquiry as to the condition of the basement walls.

Plaintiffs' assignment of error number 1 is taken to the following finding by the trial court:

> "The condition existing as of August 1, 1967, was observable to Plaintiffs by any reasonable inspection of the basement walls and sufficient to put them on notice to make any inquiry a prudent purchaser of a house of this age should make."

The above finding is one of ultimate fact and is not a ruling as a matter of law as plaintiffs contend. This assignment of error is without merit and is overruled.

**[3]** We note plaintiffs do not contend that any of the challenged findings were not supported by competent evidence, nor have they brought forward in the record on appeal any evidence presented before the trial judge. When the evidence is not contained in the record on appeal it will be presumed that there was sufficient evidence to support the findings of fact. 1 Strong, N.C. Index 2d, Appeal and Error, § 42, p. 185.

No error.

Judges MORRIS and HEDRICK concur.