IN THE MATTER OF: TONY MEYERS, Age 13

No: 7419DC1006

(Filed 7 May 1975)

1. **Infants § 10; Criminal Law § 148— juvenile delinquency proceeding — prayer for judgment continued — appeal**
    An appeal from an adjudication of delinquency may be maintained in a proceeding in which the order of disposition has been indefinitely delayed by entry of a prayer for judgment continued. G.S. 7A-289.

2. **Infants § 10; Criminal Law § 75— juvenile delinquency proceeding — in-custody statement — Miranda warnings — determination of voluntariness**
    Testimony by a deputy sheriff as to a juvenile's extrajudicial inculpatory admission should have been excluded in a juvenile delinquency proceeding where the admission was made in response to a direct question from the officer while the juvenile was in custody, no

In re Meyers

*Miranda* warnings were given the juvenile, and the trial court made no finding as to the voluntariness of the statement.

APPEAL by juvenile respondent from *Hammond, Judge*. Order entered 30 August 1974 in District Court, RANDOLPH County. Heard in the Court of Appeals 14 February 1975.

In a juvenile petition dated 2 October 1973 it was alleged that respondent, a 13-year-old boy, was a delinquent child as defined by G.S. 7A-278(2) in that on 25 September 1973 he did unlawfully break and enter the home of Stamey Pierce, a violation of G.S. 14-54(b) and which is a misdemeanor. After a hearing, the court on 10 December 1973 entered an order adjudicating that the child was delinquent as alleged in the petition. This order continued the matter for disposition until 14 January 1974 to give the court counselor an opportunity to conduct a home study. An attempted immediate appeal from the adjudication of delinquency was dismissed by this Court as premature. *In re Meyers*, 22 N.C. App. 11, 205 S.E. 2d 569 (1974). On remand, the court counselor conducted a study of the child and his home. The report of the counselor, dated 5 August 1974, was submitted to the court. This report reveals that the child appeared to be a well-mannered, intelligent boy, who was active in the Boy Scouts, attended 4-H Camp, was president of the Beta Club at his school, and maintained an almost perfect A average at school. His school principal reported that he had not experienced any behavior or attendance problems with the child, and the child's parents made a similar report. The counselor concluded that the child was a fine student and was involved in many worthwhile activities, and that his parents were concerned and "very capable of providing adequate supervision for him." Accordingly, the counselor recommended "that supervision by the court be withheld at this time."

On 30 August 1974 the judge signed what are denominated in the record as "Exceptions and Appeal Entries." These contain the following:

"1. Upon hearing oral evidence from the petitioner and witnesses for the petitioner the Court finds the following facts and beyond a reasonable doubt: that on or about September 25, 1973, in the daytime this child did break and enter the home of Stamey Pierce of Rt. 3, High Point, North Carolina; that entry was apparently gained by opening a basement window; that no damage was done to the

In re Meyers

home; the child admitted this to Deputy R. C. Ward and later to Mrs. Pierce, the wife of the owner of the home.

"2. That the child is delinquent as alleged in the petition.

"3. That it would be to the best interest of this child that prayer for judgment be continued."

To the foregoing, the respondent juvenile excepted and appealed.

*Attorney General Edmisten by Assistant Attorney General Ann Reed for the State.*

*Ottway Burton for juvenile appellant.*

PARKER, Judge.

[1]  In a criminal action "[w]here prayer for judgment is continued and no conditions are imposed, there is no judgment, no appeal will lie, and the case remains in the trial court for appropriate action upon motion of the solicitor." *State v. Pledger,* 257 N.C. 634, 638, 127 S.E. 2d 337, 340 (1962). In a juvenile proceeding, however, the statute, G.S. 7A-289, expressly provides that an appeal may be taken "from an adjudication *or* from any order of disposition." (Emphasis added.) As was pointed out in the opinion on the prior appeal of this case, the statute is intended to remedy the long-standing practice of indefinite continuations of disposition of juvenile cases. We held on the prior appeal that where the time lapse between adjudication and order of disposition is short and reasonable and for a specific purpose, appeal should be delayed until the disposition. In the present posture of this case, there has been an adjudication of delinquency but the order of disposition has been indefinitely delayed. Therefore, this appeal from the adjudication of delinquency may now be maintained.

[2]  At the hearing on the petition, the deputy sheriff who investigated the entry into the Pierce home testified that the respondent child admitted he had been in the home. This admission was made in response to a question from the deputy after the deputy had picked up the child and a young companion and was taking them back in his car toward the Pierce home. The deputy testified that he did not advise the child of any of his rights because he had previously talked to Mrs. Pierce and

understood that she did not want to prosecute. Objections to the deputy's testimony as to the child's admission were overruled and timely motion to strike was denied, to which actions of the court appellant now assigns error.

Clearly, had this been an ordinary criminal prosecution the testimony of the deputy sheriff as to the accused's extrajudicial inculpatory admission should have been excluded. The admission was made in response to a direct question from the officer and at a time when the respondent was effectively in custody. Not only was there a total failure to comply with the *Miranda* requirements, but there was also no finding by the court as to the voluntariness of the statement. Although a confession is not inadmissible merely because the person making it is a minor, Annot., 87 A.L.R. 2d 624 (1963), to be admissible it must have been voluntary, and the age of the person confessing is an additional factor to be considered in determining voluntariness. The fact that the present proceeding is not an ordinary criminal prosecution but is a juvenile proceeding under G.S. Chap. 7A, Article 23, does not lessen but should actually increase the burden upon the State to see that the child's rights were protected. Juvenile proceedings to determine delinquency, though not the same as criminal prosecutions of an adult, may nevertheless result in commitment to an institution in which the juvenile's freedom is curtailed. We find error in the admission in evidence of the deputy sheriff's testimony as to respondent child's admission that he had been in the Pierce home.

In fairness to the deputy sheriff who was the witness in this case, it should be noted that nothing in the record suggests any improper conduct on his part. On the contrary, the record indicates that he investigated with speed and efficiency what turned out to be a wrongful but minor trespass by two children and that he failed to advise the children as to their constitutional rights only because he justifiably understood at the time that no court proceedings of any nature were contemplated. Unfortunately, however, the present proceedings did ensue, and for error in admitting the officer's testimony noted above, the appellant is entitled to a new hearing.

Since there must be a new hearing, we direct attention to the following provision in G.S. 7A-285 relating to juvenile hearings:

"If the court finds that the conditions alleged do not exist, *or that the child is not in need of the care, protection*

*or discipline of the State, the petition shall be dismissed."*
(Emphasis added.)

In view of the information contained in the court counselor's report, the court may wish to give consideration to that provision of the statute in any further proceedings in this matter.

The order adjudicating appellant a delinquent is reversed and this proceeding is remanded to the district court.

Reversed and remanded.

Judges VAUGHN and MARTIN concur.