IN THE MATTER OF: CRAIG ALLEN ARTHUR

No. 753DC421

(Filed 15 October 1975)

1. Infants § 10— juvenile proceedings — due process

Due process for a juvenile includes written notice of specific charges in advance of hearing, notification to child and parent of the right to counsel and that, if necessary, counsel will be appointed, the privilege against self-incrimination, proof of the offense charged beyond a reasonable doubt, and determination of delinquency based on sworn testimony subject to cross-examination in the absence of a valid confession.

2. Constitutional Law § 31; Infants § 10; Narcotics § 3— report of analysis for narcotics — juvenile proceedings — constitutionality of admission statute

The statute rendering a certified SBI laboratory report of an analysis of matter to determine whether it contains a controlled substance admissible in the district courts, G.S. 90-95(g), does not deprive a juvenile of the right of confrontation and cross-examination, although the juvenile has no right of appeal to the superior court for trial de novo where he could cross-examine the SBI chemist who prepared the report, since the juvenile is afforded a right of access to the report in ample time to prepare for trial and has the right to subpoena the person who prepared the report.

APPEAL by juvenile from order of *Whedbee, Judge.* Judgment entered 17 April 1975 in District Court, CARTERET County. Heard in the Court of Appeals 16 September 1975.

On 2 March 1975, Patrolman W. E. Wilson of the Morehead City Police Department, in response to a radio call, went to the Morehead City Bowling Alley where he approached the appellant, Craig Allen Arthur, age 15. The officer had been informed that appellant had marijuana in his possession. When confronted by Officer Wilson, appellant denied having any marijuana and would not consent to a search. However, he agreed to accompany the officer to the police station.

Appellant and Officer Wilson left the bowling alley, went to the parking lot, and got into the patrol car. As Officer Wilson started the engine, appellant pulled a cellophane bag containing green vegetable matter from his pocket, laid it on a raincoat next to Officer Wilson and began telling the officer how he got the package. Wilson asked appellant to refrain from making any statement until they got to the station and his parents were notified.

At trial appellant was represented by counsel and the evidence consisted of the testimony of Officer Wilson and a S.B.I. laboratory report showing that the cellophane package appellant placed on the seat beside the officer contained 13.3 grams of marijuana. The report was allowed into evidence over objection from appellant's counsel who contended admission of the report in the context of a juvenile proceeding deprived appellant of the right to confront and cross-examine the State's witnesses.

The court entered an order adjudicating appellant a delinquent and placing him on two years' probation, subject to certain conditions, from which order he appeals.

*Attorney General Edmisten, by Assistant Attorney General John M. Silverstein, for the State.*

*Wheatly & Mason, P.A., by L. Patten Mason for the appellant.*

BRITT, Judge.

Appellant assigns as error the admission of the S.B.I. laboratory report into evidence, contending that G.S. 90-95 (g) as applied to him, a juvenile, is unconstitutional in that it deprives

him of the right of confrontation and cross-examination of witnesses. We find no merit in the assignment.

G.S. 90-95 (g) provides as follows: "Whenever matter is submitted to the North Carolina State Bureau of Investigation Laboratory, (and other named laboratories) for chemical analysis to determine if the matter is or contains a controlled substance, the report of that analysis certified to upon a form approved by the Attorney General by the person performing the analysis shall be admissible without further authentication in all proceedings in the district court division of the General Court of Justice as evidence of the identity, nature, and quantity of the matter analyzed. . . ." Appellant argues that while the statute may be constitutional as applied to adults who have a right to appeal to superior court for a trial de novo, where they would have the right of confrontation and cross-examination of witnesses, a juvenile does not have this right of appeal, hence he is deprived of his constitutional rights.

[1] Juveniles in delinquency proceedings are entitled to constitutional safeguards similar to those afforded adult criminal defendants. *In re Gault*, 387 U.S. 1, 18 L.Ed. 2d 527, 87 S.Ct. 1428 (1967). The scope of juvenile due process, however, is not as extensive as that incident adversary adjudication for adu't criminal defendants. The guiding rule is one of fundamental fairness. *McKeiver v. Pennsylvania*, 403 U.S. 528, 29 L.Ed. 2d 647, 91 S.Ct. 1976 (1971), *aff'g sub nom*, 275 N.C. 517, 169 S.E. 2d 879 (1969). Due process for a juvenile includes written notice of specific charges in advance of hearing, notification to child and parent of the right to counsel and that, if necessary, counsel will be appointed; the privilege against self-incrimination, proof of the offense charged beyond a reasonable doubt, and determination of delinquency based on sworn testimony subject to cross-examination in the absence of a valid confession. *In re Gault*, 387 U.S. 1, 18 L.Ed. 2d 527, 87 S.Ct. 1428 (1967); *In re Winship*, 397 U.S. 358, 25 L.Ed. 2d 368, 90 S.Ct. 1068 (1970); *Ivan V. v. City of New York*, 407 U.S. 203, 32 L.Ed. 2d 659, 92 S.Ct. 1951 (1972) (per curiam).

These due process standards are incorporated in North Carolina juvenile procedure by G.S. 7A-285. *See* 3 R. Lee, North Carolina Family Law § 304A (Cumm. Supp. 1974). Juvenile proceedings are something less than a full blown determination of criminality. They are designed to foster individualized disposition of juvenile offenders under protection

of the courts in accordance with constitutional safeguards. *Mc-Keiver v. Pennsylvania, supra.*

Generally, the same rules of evidence apply in both criminal and civil actions as well as in juvenile proceedings. While the rules of evidence in juvenile proceedings may be relaxed to some extent, this must fall short of deprivation of juvenile due process. *F. & F. v. Duval County*, 273 So. 2d 15 (Fla. App. 1973), *cert. denied*, 283 So. 2d 564 (1973). Thus evidence in juvenile proceedings would include matter admissible under well recognized exceptions to the hearsay rule.

The prohibition against hearsay evidence, and the Sixth Amendment guarantees of the right to cross-examination and confrontation, while arising from the same source are not co-extensive in scope. *Richardson v. Perales*, 402 U.S. 389, 28 L.Ed. 2d 842, 91 S.Ct. 1420 (1971); *Dutton v. Evans*, 400 U.S. 74, 27 L.Ed. 2d 213, 91 S.Ct. 210 (1970). Hence certain hearsay statements are admissible in juvenile proceedings when endowed with the requisite indicia of reliability even though there might be a technical deprivation of the right to confront and cross-examine witnesses. *In re Kevin G.*, 80 Misc. 2d 517, 363 N.Y.S. 2d 999 (Fam. Ct. 1975); *People v. Nisonoff*, 294 N.Y. 696, 60 N.E. 2d 846 (1944), *cert. denied*, 326 U.S. 745, 90 L.Ed. 445, 66 S.Ct. 22 (1945); S. Davis, Rights of Juveniles § 5.06 (1974).

North Carolina countenances the introduction of test results, certified copies of official documents and records, as well as other writings, which, but for statute or decisional authority, would be written hearsay. G.S. 8-34 (Official Writings); G.S. 8-35 (Authenticated Copies of Public Records); G.S. 8-37 (Automobile Ownership); G.S. 8-45.1 (Photographic Reproduction Admissible); G.S. 20-139.1(a) (Motor Vehicle Operators Blood Alcohol Content); G.S. 106-89 (Fertilizer Analysis). *See, e.g.*, 1 Stansbury's North Carolina Evidence §§ 153-55, 165 (H. Brandis Rev. 1973). The business records doctrine, recognized by statute in G.S. 55A-27.1, is an exception to the hearsay rule applicable to private sector records. 1 Stansbury's North Carolina Evidence § 155 (H. Brandis Rev. 1973). These exceptions to the hearsay rule form some basis for admission of the report in question notwithstanding G.S. 90-95(g).

[2] While the context of a juvenile proceeding effectively circumscribes appellant's opportunity to cross-examine the chem-

ist as in trial de novo, we discern no prejudice by the statute where, as here, appellant's right to compulsory process remains intact and he is afforded access to the report in ample time to prepare for hearing. Given the presumption of official regularity the report possesses the requisite indicia of regularity, trustworthiness and reliability. *Pasadena Research Laboratories Inc. v. United States*, 169 F. 2d 375 (9th Cir. 1948), *cert. denied*, 335 U.S. 853, 93 L.Ed. 401, 69 S.Ct. 83 (1948). *See generally* 1 Wharton's Criminal Evidence § 130 (13th ed. C. Torica 1972). The report is free from selfish or pecuniary interests which renders it compatible with other recognized and proven exceptions to the hearsay rule. *United States v. Frattini*, 501 F. 2d 1234 (2d Cir. 1974) ; *Kay v. United States*, 255 F. 2d 476 (4th Cir. 1958), *cert. denied*, 358 U.S. 825, 3 L.Ed. 2d 65, 79 S.Ct. 42 (1958) ; *United States v. Ware*, 247 F. 2d 698 (7th Cir. 1952) ; *State v. Torello*, 103 Conn. 511, 131 A. 429 (1925).

We do not think the deprivation of constitutional rights complained of here approaches the deprivation complained of in *McKeiver v. Pennsylvania, supra.* There, the court held that the juvenile was not entitled to a jury trial and he had no way of accomplishing that end. Here, if appellant felt the laboratory report inaccurate, he had the right to subpoena the person who tested the substance and rendered the report.

We hold that the challenged statute is constitutional and that it was not unconstitutionally applied to appellant in this case.

Affirmed.

Judges PARKER and CLARK concur.