IN THE MATTER OF CAROL RENEE CHAVIS
IN THE MATTER OF JOHN ROBERT CURRY, JR.
IN THE MATTER OF KERRY LAMAR OUTLAW

Nos. 7626DC537, 7626DC659 and 7626DC691

(Filed 1 December 1976)

1. **Infants § 10— juvenile delinquency hearing — admission by juvenile voluntarily and knowingly made — affirmative showing in record**

   Where the record does not affirmatively show that the juvenile respondent voluntarily and knowingly admitted the allegations in the juvenile petition, the trial court erred in adjudicating the juvenile delinquent upon a finding, based on the admission, that the respondent committed the acts alleged in the petition.

2. **Infants § 10— juvenile delinquency hearings — treatment as criminal proceedings — constitutional safeguards required**

   Juvenile delinquency hearings, pursuant to G.S. Chap. 7A, Article 23, place juveniles in danger of confinement, and the proceedings are therefore to be treated as criminal proceedings, conducted with due process in accord with constitutional safeguards of the Fifth Amendment.

3. **Criminal Law § 23— guilty plea — voluntariness — affirmative showing required in record**

   A plea of guilty in a criminal case amounts to a waiver of the privilege against self-incrimination if the guilty plea is made knowingly and voluntarily, and the requirement that the plea be knowing and voluntary is so important that the record must affirmatively show on its face that the guilty plea was knowing and voluntary.

4. **Criminal Law § 23; Infants § 10— juvenile hearing — admission equivalent to guilty plea — showing of voluntariness required in record**

   An "admission" in a juvenile hearing is equivalent to a guilty plea in a criminal case, and the record must therefore affirmatively show on its face that the admission was entered knowingly and voluntarily.

APPEAL by respondent Chavis from *Black, Judge.* Judgment entered 3 February 1976 in District Court, MECKLENBURG

County. APPEAL by respondent Curry from *Lanning, Judge.* Judgment entered 11 March 1976 in District Court, MECKLEN-BURG County. APPEAL by respondent Outlaw from *Lanning, Judge.* Judgment entered 22 March 1976 in District Court, MECKLENBURG County. Heard in the Court of Appeals 9 November 1976.

*Attorney General Edmisten, by Assistant Attorney General Robert R. Reilly in the Matter of Carol Renee Chavis; by Assistant Attorney General Ann Reed in the Matter of John Robert Curry, Jr.; by Associate Attorney Isaac T. Avery, III, in the Matter of Kerry Lamar Outlaw; for the State.*

*Public Defender Michael S. Scofield, by Assistant Public Defender James Fitzgerald and Assistant Public Defender Mark A. Michael, for respondent appellants.*

ARNOLD, Judge.

[1]   These appeals were consolidated because they present a single question: where the record does not affirmatively show that the juvenile respondent voluntarily and knowingly admitted the allegations in the juvenile petition, did the court err in adjudicating the juvenile delinquent upon a finding, based on the admission, that the respondent committed the acts alleged in the petition.

[2]   Respondents correctly argue that juvenile delinquency hearings, pursuant to G.S. Chap. 7A, Article 23, place them in danger of confinement, and, therefore, the proceedings are to be treated as criminal proceedings, conducted with due process in accord with constitutional safeguards of the Fifth Amendment. *In re Gault,* 387 U.S. 1, 18 L.Ed. 2d 527, 87 S.Ct. 1428 (1967); *In re Burrus,* 275 N.C. 517, 169 S.E. 2d 879 (1969); *In re Arthur,* 27 N.C. App. 227, 218 S.E. 2d 869 (1975). Among the rights of the Fifth Amendment is that "No person shall be compelled in any criminal case to be a witness against himself." This is commonly known as the privilege against self-incrimination, and it may be waived if done so knowingly and voluntarily.

[3]   A plea of guilty in a criminal case amounts to a waiver of the privilege against self-incrimination if the guilty plea is made knowingly and voluntarily. The requirement that the plea be knowing and voluntary is so important that the record must

affirmatively show on its face that the guilty plea was knowing and voluntary. *Boykin v. Alabama,* 395 U.S. 238, 23 L.Ed. 2d 274, 89 S.Ct. 1709, (1969) ; *State v. Ford,* 281 N.C. 62, 187 S.E. 2d 741 (1972) ; *State v. Harris,* 10 N.C. App. 553, 180 S.E. 2d 29 (1971). If the record does not affirmatively show on its face that the plea was knowing and voluntary, the defendant must be allowed to replead. *State v. Ford, supra; State v. Harris, supra.*

**[4]** Respondents' position is that an "admission" in a juvenile hearing is equivalent to a guilty plea in a criminal case, and that the record must therefore affirmatively show on its face that the admission was entered knowingly and voluntarily. We agree.

There are some significant differences between criminal trials and juvenile proceedings. In the juvenile proceeding there is no jury and the district judge rules on the admissibility of the evidence as well as on the weight and credibility of the evidence. See, *In re Simmons,* 24 N.C. App. 28, 210 S.E. 2d 84 (1974). However, if we are to require an affirmative showing from the face of the record that a guilty plea was understandingly and voluntarily entered, and we are so required by *Boykin v. Alabama, supra,* then we see no less reason to require the same affirmative showing in juvenile proceedings. "The fact that the present proceeding is not an ordinary criminal prosecution but is a juvenile proceeding under G.S. Chap. 7A, Article 23, does not lessen but should actually increase the burden upon the State to see that the child's rights were protected." *In re Meyers,* 25 N.C. App. 555, 558, 214 S.E. 2d 268 (1975). "The privilege [against self-incrimination] applies in juvenile proceedings the same as in adult proceedings." *In re Burrus, supra* at 530.

**[1]** At a juvenile hearing an admission by a juvenile must be made knowingly and voluntarily, and this fact must affirmatively appear on the face of the record, or the juvenile will be allowed to replead. Procedures adopted by this Court in *State v. Harris, supra,* and confirmed in *State v. Ford, supra,* are appropriate in a juvenile hearing. Before accepting the juvenile's admission, the judge can question the juvenile to determine if his admission is understandingly and voluntarily made.

In the matter of Curry, the State contends that even without the respondent's admission there is evidence to support the adjudication of delinquency by way of an extrajudicial

confession to a police officer. However, testimony by the officer concerning the juvenile's extrajudicial admission was not admissible since the record does not show that the juvenile was given any *Miranda* warnings, nor was any finding made by the district judge as to the voluntariness of the statements. *In re Meyers, supra.*

The Court's order, in respondent Outlaw's case, states that evidence was presented. However, the proceedings were not recorded so there is no record or summary of the evidence. The State cites *Christie v. Powell*, 15 N.C. App. 508, 190 S.E. 2d 367 (1972), and argues that when evidence is not contained in the record there is a presumption of sufficient evidence to support judicial findings of fact. That is the rule in civil cases, but we are not inclined to extend the rule to the juvenile proceeding presently before us.

All three of these cases are reversed and remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.

Judges MORRIS and CLARK concur.