IN THE MATTER OF: DONALD FLETCHER JOHNSON

No. 7626DC730

(Filed 2 March 1977)

1. **Infants § 10— adjudication of delinquency — admission of allegations — showing of voluntariness in record**

    An adjudication of delinquency based on the juvenile's admission of the allegations of the petition must be set aside where the record does not affirmatively show that the admission was made understandingly and voluntarily and with an awareness of its consequences.

2. **Infants § 10— adjudication of delinquency — findings beyond a reasonable doubt**

    It is the better practice for an adjudication of delinquency to recite affirmatively that the facts found by the court are found beyond a reasonable doubt.

3. **Searches and Seizures § 1— search incident to lawful arrest**

    A knife seized from respondent was properly admitted in a juvenile delinquency hearing where an officer had probable cause to arrest respondent without a warrant and the search which produced the knife was incident to a lawful arrest.

APPEAL by the juvenile from *Lanning, Judge.* Juvenile order entered 8 April 1976 in District Court, MECKLENBURG County. Heard in the Court of Appeals 8 February 1977.

The juvenile was charged in a petition with being a delinquent child as defined by G.S. 7A-278(2) upon two grounds: (1) that he wilfully disturbed a public school in violation of G.S. 14-273 and (2) that he unlawfully possessed and carried a large pocket knife on property owned and operated by the Charlotte-Mecklenburg Board of Education in violation of G.S. 14-269.2.

The trial judge dismissed the charge of wilfully disturbing a public school, but found that the juvenile did carry a large knife on school grounds. After reviewing a lengthy juvenile record, the trial judge ordered "that the juvenile be committed to the Division of Youth Services for an indeterminate period of time not to exceed his 18th birthday."

*Attorney General Edmisten, by Assistant Attorney General William Woodward Webb, for the State.*

*Public Defender Scofield, by Assistant Public Defender Mark A. Michael, for the juvenile.*

In re Johnson

BROCK, Chief Judge.

After hearing evidence from the arresting officer, the following transpired:

"THE COURT: I want to know at this time if the juvenile admits or denies the allegations of the Petition?

"COUNSEL FOR THE JUVENILE: He admits them."

No further inquiries were made concerning the admission made by counsel.

Thereafter, in the adjudicatory phase of the proceeding, the trial judge made the following finding:

"THE COURT FINDS that the juvenile, through counsel, in open court, admits the allegations in the Petition dated March 8, 1976, to wit: carrying a concealed weapon on school grounds. Based on the juvenile's admission THE COURT FINDS that the juvenile did in fact carry a concealed weapon on the school grounds, to wit: a large Barlow knife, and adjudicated the juvenile DELINQUENT by reason thereof."

[1] The juvenile urges that the finding based upon his admission should not be permitted to stand because there is no affirmative showing that the admission was intelligently and voluntarily made. We agree.

Such an admission is the equivalent to a plea of guilty by an adult in a criminal prosecution. This Court, in *In re Chavis* and *In re Curry* and *In re Outlaw*, 31 N.C. App. 579, 230 S.E. 2d 198 (1976), has already applied the principle of *In re Gault*, 387 U.S. 1, 18 L.Ed. 2d 527, 87 S.Ct. 1428 (1967); *Boykin v. Alabama*, 395 U.S. 238, 23 L.Ed. 2d 274, 89 S.Ct. 1709 (1969); *State v. Harris*, 10 N.C. App. 553, 180 S.E. 2d 29 (1971); and *State v. Ford*, 281 N.C. 62, 187 S.E. 2d 741 (1972), to juvenile proceedings.

In a juvenile hearing to determine delinquency, which may lead to commitment to a state institution, an admission by the juvenile of the allegations of the petition must be made with awareness of the consequences of the admission and must be made understandingly and voluntarily, and these facts must affirmatively appear in the record of the proceeding. In the record before us there is nothing to indicate the existence of any of these facts.

**[2]** Since there must be a new hearing, we point out that the trial judge did not indicate the quantum of proof upon which he found the fact that the juvenile carried a concealed weapon on school grounds. The proper quantum of proof in a juvenile hearing to determine delinquency is proof beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 25 L.Ed. 2d 368, 90 S.Ct. 1068 (1970). Our Supreme Court has held that "the failure of the trial judge to state that he finds the facts 'beyond a reasonable doubt' is not fatal if the evidence is sufficient to support his findings by that quantum of proof . . . in the absence of record evidence that the trial judge followed some other standard, there is a permissible inference that he followed the applicable law and found the facts beyond a reasonable doubt . . . " *In re Walker*, 282 N.C. 28, 191 S.E. 2d 702 (1972). Nevertheless, as the Court pointed out in *Walker*, the sounder practice dictates that the judge's order should recite affirmatively that the facts are found beyond a reasonable doubt.

**[3]** The juvenile's contention that his motion to suppress the evidence of the knife should have been allowed is without merit. We hold that the officer had probable cause to arrest without a warrant. G.S. 15A-401 (b) (2) b.1. The search which produced the knife was incident to lawful arrest. *State v. Jackson*, 280 N.C. 122, 185 S.E. 2d 202 (1971). The juvenile correctly concedes that the search was not too remote in either time or place.

For the failure of the record of the proceedings to show that the admission by the juvenile of the allegations of the petition was with awareness of its consequences and was understandingly and voluntarily made, there must be a new hearing.

Reversed and remanded.

Judges BRITT and MORRIS concur.