IN THE MATTER OF KENYON N.

No. 9228DC492

(Filed 18 May 1993)

**Infants or Minors § 87 (NCI4th) — juvenile delinquent — admission to assault charge — required inquiries and statements by court**

An order adjudicating delinquency based on acceptance of the juvenile's admission to misdemeanor assault with a deadly weapon was vacated, as was a subsequent commitment to the Division of Youth Services by another court based on this adjudication of delinquency, where there was no transcript of the hearing at which the admission was accepted, the only evidence as to the inquiries and statements made to the juvenile at the time the admission was accepted is his testimony in the subsequent proceeding resulting in commitment, it does not affirmatively appear from the record that the provisions of N.C.G.S. § 7A-633(a) were complied with, and the Court of Appeals could not say that the admission was the product of an informed choice.

**Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children §§ 53, 60.**

Appeal by juvenile from order entered 12 November 1991 in Davidson County District Court by Judge Jessie M. Conley and order entered 26 November 1991 in Buncombe County District Court by Judge Peter L. Roda. Heard in the Court of Appeals 13 April 1993.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General David Gordon, for the State.*

*Office of the Public Defender, by John T. Barrett, for juvenile-appellant.*

GREENE, Judge.

Juvenile appeals from the Davidson County District Court's order adjudicating him a delinquent juvenile based on the acceptance of his admission to misdemeanor assault with a deadly weapon. Juvenile also appeals from the order of the Buncombe County District Court committing him to the Division of Youth Services based

IN RE KENYON N.

[110 N.C. App. 294 (1993)]

on the aforementioned adjudication of delinquency. In addition, juvenile appeals the Buncombe County District Court's finding that commitment was the least restrictive disposition available.

On 8 November 1991, a juvenile petition was filed in Davidson County District Court alleging that the appellant, a fifteen-year-old juvenile, was delinquent. The petition was based on a charge of assault with a deadly weapon pursuant to N.C.G.S. § 14-33(b)(1). The juvenile's admission to the charge was accepted by the trial court and he was adjudicated delinquent on 12 November 1991. The trial judge ordered that a stenographic transcript of the proceedings be prepared, but the tape recording of the proceedings was lost and it was therefore not possible to prepare a transcript. At the time of the Davidson County District Court hearing, the juvenile was already in the legal custody of the Buncombe County Department of Social Services, and the Davidson County District Court ordered the file transferred to Buncombe County District Court for disposition and supervision.

The Buncombe County proceedings were held on 26 November 1991. The juvenile's attorney moved that the proceedings be dismissed and the case returned to Davidson County because the Davidson County District Court's adjudication of delinquency was based on an admission that was not the result of the juvenile's informed choice, and thus was invalid. Without a valid adjudication of delinquency in the Davidson County District Court, the juvenile contends, the Buncombe County District Court could not proceed with disposition. The juvenile was called as a witness, and testified as follows:

Q . . . What happened in terms of the judge . . . accepting your admission?

A I just told them, "Yes, I did," and then they just took me on back to the (unintelligible).

. . .

Q All right. Did the judge ever ask you if you knew what the charges were all about?

A No.

Q Did the judge ever ask you whether you knew you had the right to not say anything or be silent?

**IN RE KENYON N.**

[110 N.C. App. 294 (1993)]

A No.

Q Did the judge tell you you had the right to deny the charges and have a trial?

A No.

Q Did the judge tell you you had the right to make the witnesses get up and testify against you?

A No.

Q Did the judge tell you what the most time you could get . . . [was]?

A No.

Q . . . Did the judge ask you whether or not you'd agree to admit the charges as part of any plea arrangement?

A Yeah, he did.

. . .

Q Did the judge ask whether or not you'd discussed your case fully with your lawyer and were satisfied with your lawyer's services?

A No.

Q Okay. Did the judge ask whether or not you were admitting [the charge] of your own free will, understanding what you're doing?

A No.

The motion to dismiss and return to Davidson County District Court was denied. The trial court then committed the juvenile to the Division of Youth Services for an indefinite period, not to exceed his eighteenth birthday.

---

The dispositive issue is whether the district court which initially adjudged the juvenile to be delinquent erred in accepting the juvenile's admission.

The acceptance of an admission by a juvenile is tantamount to the acceptance of a guilty plea by an adult in a criminal case. *In re Johnson*, 32 N.C. App. 492, 493, 232 S.E.2d 486, 487-88 (1977).

**IN RE KENYON N.**

[110 N.C. App. 294 (1993)]

As with any guilty plea, the trial court must determine that the admission is a product of the juvenile's informed choice before accepting the admission. N.C.G.S. § 7A-633(b) (1989); *In re Register*, 84 N.C. App. 336, 348, 352 S.E.2d 889, 896 (1987). Accordingly, N.C.G.S. § 7A-633 requires that, prior to acceptance of admissions by juveniles, the trial judge must address the juvenile personally on the following:

(1) Informing him that he has a right to remain silent and that any statement he makes may be used against him;

(2) Determining that he understands the nature of the charge;

(3) Informing him that he has a right to deny the allegations;

(4) Informing him that by his admissions he waives his right to be confronted by the witnesses against him;

(5) Determining that the juvenile is satisfied with his representation; and

(6) Informing him of the most restrictive disposition on the charge.

N.C.G.S. § 7A-633(a) (1989).

The fact that these inquiries and statements were made must affirmatively appear in the record of the proceeding, *In re Chavis*, 31 N.C. App. 579, 580-81, 230 S.E.2d 198, 200 (1976), *disc. rev. denied*, 291 N.C. 711, 232 S.E.2d 203 (1977), and if the record does not so reflect, the adjudication of delinquency based on the admission must be set aside. *In re Johnson*, 32 N.C. App. at 493, 232 S.E.2d at 488.

In the instant case there is no transcript of the Davidson County hearing at which the admission was accepted. Thus, the only record evidence before us as to the inquiries and statements made to the juvenile at the time the admission was accepted is the juvenile's testimony in the Buncombe County proceeding. This testimony reveals that the trial court failed to inquire of the juvenile whether he understood the nature of the charge against him and whether he was satisfied with his representation. The trial court also failed to inform the juvenile that he had a right to remain silent, a right to deny the charges against him, that by his admission he waived his right to confront the witnesses against him, and what constituted the most restrictive disposition possible on the

charge against him. Thus, it does not affirmatively appear from the record that the provisions of N.C.G.S. § 7A-633(a) were complied with, and we are therefore unable to say that the juvenile's admission was the product of an informed choice.

Accordingly, the order adjudicating delinquency based on the admission is vacated. Without a valid adjudication of delinquency, the trial court in Buncombe County was without jurisdiction to commit the juvenile to the Division of Youth Services, *see In re Hughes*, 50 N.C. App. 258, 262, 273 S.E.2d 324, 326 (1981); N.C.G.S. § 7A-649(10) (Supp. 1992), and the order of commitment is likewise vacated. Having so found, we need not address the juvenile's argument that commitment was not the least restrictive permissible disposition.

Vacated and remanded.

Judges WELLS and WYNN concur.