662 S.E.2d 570 (2008)
In re MECKLENBURG COUNTY.
No. COA07-1186.
Court of Appeals of North Carolina.
July 1, 2008.
Attorney General Roy Cooper, by Assistant Attorney General Tracy J. Hayes, for the State.
Russell J. Hollers, III, Carrbori, for defendant-juvenile.
WYNN, Judge.
Under N.C. Gen.Stat. § 7B-2407(c) (2005), a "court may accept an admission from a juvenile only after determining that there is a factual basis for the admission." Here, the Juvenile argues that the State failed to provide sufficient information to establish a factual basis for his admission of guilt to felony larceny and attempted felony larceny of a vehicle valued at more than $1,000. Because the State failed to provide information in accordance with § 7B-2407 to establish that the stolen vehicle was valued at more than $1,000, we must vacate the Juvenile's admission.
The Juvenile in this matter does not dispute that he stole a pickup truck; instead, the only issue on appeal is whether the State followed the mandate of section 7B-2407(c) to establish a factual basis for admitting the Juvenile's plea.[1] Under section 7B-2407(c), a "court may accept an admission only after determining that there is a factual basis for the admission." Id. § 7B-2407(c). Significant to this appeal, that section further provides that: "This determination may be based upon any of the following information: a statement of the facts by the prosecutor; a written statement of the juvenile; sworn testimony which may include reliable hearsay; or a statement of facts by the juvenile's attorney." Id.
Here, the Juvenile offered an admission of guilt to the crimes of felony larceny and attempted felony larceny, which require proof that the stolen goods were valued at more than $1,000. Id. § 14-72(a). The trial *572 court then adjudicated the Juvenile delinquent and entered a disposition and commitment order committing him to a youth development center for an indefinite commitment not to exceed his eighteenth birthday. Under section 7B-2407(c), the State was required to establish a factual basis that the truck was valued at more than $1,000 by providing "a statement of the facts by the prosecutor; a written statement of the juvenile; sworn testimony which may include reliable hearsay; or a statement of facts by the juvenile's attorney." Id. § 7B-2407(c); see also id. § 14-72(a).
However, the prosecutor's statement of facts does not contain any statement or evidence that the pickup truck was worth more than $1,000. Moreover, the record includes no "written statement of the juvenile; sworn testimony . . . or a statement of facts by the juvenile's attorney" that indicates that the truck was valued at more than $1,000. Indeed, while the juvenile petition lists the value of the pickup truck as $5,000, the statute does not provide that a juvenile petition may serve as information for determining that there is a factual basis for admitting a juvenile's plea.
Since the State failed to provide information in compliance with section 7B-2407 to establish a factual basis for admitting the Juvenile's plea, we must vacate the Juvenile's admission of guilt in this matter. In vacating the Juvenile's admission, we are guided by our Supreme Court's decision in State v. Weathers, 339 N.C. 441, 451 S.E.2d 266 (1994). In Weathers, the Supreme Court held that the trial court failed to comply with N.C.G.S. § 15A-1022(c) in determining there was a factual basis for defendant's guilty plea. Id. at 453, 451 S.E.2d at 273; see also In re Johnson, 32 N.C.App. 492, 493, 232 S.E.2d 486, 487-88 (1977) (stating that an admission by a juvenile "is the equivalent to a plea of guilty by an adult in a criminal prosecution."). Instructively, our Supreme Court stated: "There was no factual basis for defendant's guilty plea to the charge of failure to appear for trial; thus, it was error for the trial court to accept defendant's guilty plea. The guilty plea and the judgment based thereon are hereby vacated." Weathers, 339 N.C. at 453, 451 S.E.2d at 273. Following Weathers, we vacate the Juvenile's admission to felony larceny and the disposition and commitment order based thereon.
Vacated.
Judge BRYANT concurs.
Judge JACKSON concurs in the result only by separate opinion.
JACKSON, J., concurring.
Although I concur with the result reached by the majority opinion, I write separately to clarify my analysis in reaching this conclusion.
The majority is correct that an admission in a juvenile delinquency case is equivalent to a plea of guilty by an adult in a criminal prosecution. In re Johnson, 32 N.C.App. 492, 493, 232 S.E.2d 486, 487-88 (1977). However, "in a juvenile proceeding, as opposed to an adult criminal proceeding, `the burden upon the State to see that the child's rights [are] protected' is increased rather than decreased." In re T.E.F., 167 N.C.App. 1, 4, 604 S.E.2d 348, 350 (2004) (alteration in original), aff'd, 359 N.C. 570, 614 S.E.2d 296 (2005) (quoting In re Meyers, 25 N.C.App. 555, 558, 214 S.E.2d 268, 270 (1975)).
North Carolina General Statutes, section 15A-1022  governing guilty pleas  and section 7B-2407  governing juvenile admissions  are almost identical. However, with respect to what may be considered in determining the factual basis of the plea or admission, section 15A-1022 provides that "[t]his determination may be based upon information including but not limited to" (1) the prosecutor's statement of the facts; (2) the defendant's written statement; (3) the presentence report; (4) sworn testimony, including reliable hearsay; and (5) defense counsel's statement of facts. N.C. Gen.Stat. § 15A-1022(c) (2007) (emphasis added). In contrast, section 7B-2407 states that "[t]his determination may be based upon any of the following information:" (1) the prosecutor's statement of the facts; (2) the juvenile's written statement; (3) sworn testimony, including reliable hearsay; and (4) a statement of facts by the juvenile's attorney. N.C. Gen. *573 Stat. § 7B-2407(c) (2007) (emphasis added). Section 15A-1022 is an inclusive list which could permit the use of the indictment to establish the factual basis supporting a guilty plea. In contrast, section 7B-2407 is an exclusive list which does not include the use of the petition to establish the factual basis supporting a juvenile admission.
Just as there was no factual basis for the guilty plea in Weathers, cited by the majority, there was no factual basis for the juvenile's admission in the case sub judice. Therefore, I concur in vacating the admission.
NOTES
[1] The State's motion to dismiss the appeal for lack of jurisdiction is denied.