IN THE MATTER OF C.L.

No. COA11-434

(Filed 15 November 2011)

**1. Juveniles—Alford plea—inquiry by court—sufficient**

There was no merit to a juvenile's challenge to the trial court's decision to accept the juvenile's *Alford* admission where the juvenile contended that the trial court had not ensured that he understood that he would be treated as guilty despite his denial of guilt. The juvenile's argument rested upon N.C.G.S. § 7B-2405(6) and N.C.G.S. § 15A-1022(d) rather than any sort of alleged noncompliance with N.C.G.S. § 7B-2407; therefore, the extent to which the juvenile entitled to relief hinged upon the proper application of the totality of the circumstances test. The record developed in the trial court indicated that the juvenile was adequately apprised of the consequences of making his *Alford* decision, understood what would happen if he persisted in making such an admission, and made an "informed choice" to admit responsibility pursuant to *Alford*.

**2. Juveniles—motion for continuance—no prejudice from denia**

The trial court did not abuse its discretion by denying a juvenile's motion for a continuance where the juvenile was seeking to review a predispositional report which had been available for some time rather than seeking to obtain additional evidence, reports, or assessments of the sort specified by N.C.G.S. § 7B-2406. It was difficult for the appellate court to find serious prejudice.

**IN RE C.L.**

[217 N.C. App. 109 (2011)]

Appeal by respondent from adjudication and disposition orders entered 17 December 2010 by Judge Carol Jones Wilson in Onslow County District Court. Heard in the Court of Appeals 28 September 2011.

*Attorney General Roy Cooper, by Assistant Attorney General Stephanie A. Brennan for the State.*

*W. Michael Spivey, for juvenile-appellant.*

ERVIN, Judge.

Juvenile C.L. appeals from orders adjudicating him delinquent based upon a finding that he was responsible for misdemeanor possession of stolen property. On appeal, Juvenile contends that the trial court erred (1) by failing to determine whether Juvenile's *Alford* admission represented his informed choice and (2) by denying his motion to continue the dispositional hearing. After careful consideration of Juvenile's challenges to the trial court's orders in light of the record and the applicable law, we conclude that the trial court's orders should be affirmed.

## I.  Factual Background

In January 2010, Juvenile allegedly broke into a residence and stole a number of items, including a 12-gauge shotgun, a video game system, and a laptop computer. Juvenile was subsequently charged with felonious breaking and entering, felonious larceny, and felonious possession of stolen property. On 16 December 2010, Juvenile entered into an admission agreement pursuant to which the State agreed that the felony charges lodged against Juvenile would be dismissed and that a probationary disposition would be imposed in exchange for Juvenile's *Alford* admission to misdemeanor possession of stolen property. On the same date, Juvenile appeared before the trial court for the purpose of entering his *Alford* admission.

At the time that Juvenile tendered his admission of responsibility, the trial court questioned Juvenile using Form AOC-J-410, which is entitled "Transcript of Admission by Juvenile." After Juvenile indicated that he was able to hear and understand the proceedings and that he understood that he had the right to remain silent, the following colloquy occurred between Juvenile and the trial court:

> [Trial Court]:  This charge has been explained to you by your lawyer?

**IN RE C.L.**

[217 N.C. App. 109 (2011)]

[Juvenile]: Yes, ma'am.

[Trial Court]: Do you understand the nature of the charge?

[Juvenile]: Yes, ma'am.

[Trial Court]: Do you understand every element of the charge?

[Juvenile]: Yes ma'am.

[Trial Court]: Have you and your lawyer discussed any possible defenses, if any, to the charges?

[Juvenile]: Yes, ma'am.

[Trial Court]: And are you satisfied with her legal services to you?

[Juvenile]: Yes, ma'am.

[Trial Court]: You understand you can deny this allegation, have a hearing where the witnesses are called to testify, or by making this admission you give up that right to a hearing?

[Juvenile]: Yes, ma'am.

After the Court explained the most restrictive disposition that could be imposed upon him, Juvenile personally admitted having committed the offense of misdemeanor possession of stolen property. Finally, Juvenile stated that he understood the admission arrangement that had been worked out with the State, that he accepted it, that he made the tendered admission of his own free will, and that he had no questions concerning the proceedings or his case. Juvenile and his trial counsel signed the "Transcript of Admission by Juvenile," affirming Juvenile's responses to the trial court's questions and indicating that these responses were correct.

At the conclusion of his inquiry into the voluntariness of Juvenile's admission, the trial court found that Juvenile understood his rights, the nature of the charges, and the most restrictive disposition that could be imposed upon him and that he was satisfied with the representation that he had received from his trial counsel. After the State recited the factual basis underlying the charges that had been lodged against Juvenile, his trial counsel informed the trial court that Juvenile had not been arrested on the underlying charges, had not been interviewed concerning the charges, and had never

received discovery regarding a charge that had been lodged against an adult who made statements implying that Juvenile had attempted to sell him the goods taken during the breaking and entering. Even so, Juvenile's trial counsel indicated that Juvenile believed he was "enough in jeopardy to plead . . . pursuant to *Alford* rather than risk going to training school." At that point, the trial court found that there was a factual basis for Juvenile's admission; that his admission was the product of his informed choice and had been made freely and voluntarily; that his admission should be accepted; and that Juvenile should be found responsible for misdemeanor possession of stolen property.

After the State, consistently with the admission agreement, requested that a Level 2 disposition be imposed and that Juvenile be placed on probation for twelve months, serve 190 hours of community service, and spend seven days in custody, Juvenile's trial counsel asked the Court to continue the dispositional hearing on the grounds that she had not had the chance to fully discuss the "parameters" of the suggested punishment with Juvenile, including whether Juvenile would be in custody during the Christmas holiday. In addition, Juvenile's trial counsel claimed that, because the admission agreement had been reached earlier that day, she had not had an opportunity to review the Court Counselor's recommendation that Juvenile be subject to a Level 2 disposition, including spending twelve months on probation and seven days in custody. In response, the Court Counselor informed the trial court that "we have been working on this case for quite some time" and that, although a copy of the recommendation had been prepared for Juvenile's trial counsel, she had never requested that one be provided to her. The trial court denied the requested continuance, determined that a Level 2 disposition was appropriate, and ordered Juvenile to cooperate with a wilderness program, to spend seven days in confinement, to perform 190 hours of community service for the purpose of providing restitution, to successfully complete twelve months' probation, and to observe a curfew. At the conclusion of the hearing, Defendant's trial counsel requested the trial court to clarify its written order to reflect that Juvenile had entered an *Alford* admission, leading the trial court to note on the adjudication order that, "[t]hrough his [a]ttorney, the Juvenile entered an admission pursuant to an *Alford* Plea." Juvenile noted an appeal to this Court from the trial court's adjudication and dispositional orders.

IN RE C.L.

[217 N.C. App. 109 (2011)]

## II.  Legal Analysis

### A.  *Alford* Admission

**[1]**  On appeal, Juvenile contends that the trial court erred by failing to determine whether his *Alford* admission represented his free and informed choice. In support of this contention, Juvenile notes that the trial court did not make any inquiry concerning whether Juvenile understood the nature and effect of an *Alford* admission and contends that the trial court's failure to undertake such an inquiry invalidates his admission of responsibility. Juvenile's argument lacks merit.

"The acceptance of an admission by a juvenile is tantamount to the acceptance of a guilty plea by an adult in a criminal case." *In re Kenyon N.*, 110 N.C. App. 294, 296, 429 S.E.2d 447, 449 (1993) (citation omitted). An admission by a juvenile "must be made knowingly and voluntarily, and this fact must affirmatively appear on the face of the record[.]" *In re Chavis*, 31 N.C. App. 579, 581, 230 S.E.2d 198, 200 (1976), *disc. review denied*, 291 N.C. 711, 232 S.E.2d 203 (1977). A trial court may accept a juvenile's admission only after determining that his or her admission is a product of the juvenile's informed choice. *In re T.E.F.*, 359 N.C. 570, 573, 614 S.E.2d 296, 298 (2005); *see also* N.C. Gen. Stat. § 7B-2407(b). The fact that a proceeding is juvenile rather than criminal should "not lessen but . . . actually increase the burden upon the State to see that the child's rights were protected." *In re Meyers*, 25 N.C. App. 555, 558, 214 S.E.2d 268, 270 (1975). As a result, a juvenile is entitled, at an adjudicatory hearing, to "[a]ll rights afforded adult offenders except the right to bail, the right of self-representation, and the right of trial by jury," N.C. Gen. Stat. § 7B-2405(6), in addition to those specifically enumerated in Chapter 7B of the General Statues.

N.C. Gen. Stat. § 7B-2407 delineates the minimum requirements that must be met prior to the acceptance of a juvenile's admission of responsibility. *T.E.F.*, 359 N.C. at 576, 614 S.E.2d at 299. According to N.C. Gen. Stat. § 7B-2407, the trial court must personally address the juvenile and:

(1) Inform[] the juvenile that the juvenile has a right to remain silent and that any statement the juvenile makes may be used against the juvenile;

(2) Determin[e] that the juvenile understands the nature of the charge;

(3) Inform[ ] the juvenile that the juvenile has a right to deny the allegations;

(4) Inform[ ] the juvenile that by the juvenile's admissions the juvenile waives the juvenile's right to be confronted by the witnesses against the juvenile;

(5) Determin[e] that the juvenile is satisfied with the juvenile's representation; and

(6) Inform[ ] the juvenile of the most restrictive disposition on the charge.

N.C. Gen. Stat. § 7B-2407(a). In addition, the trial court must "inquire of the prosecutor, the juvenile's attorney, and the juvenile personally" to determine "whether there were any prior discussions involving admissions, whether the parties have entered into any arrangement with respect to the admissions and the terms thereof, and whether any improper pressure was exerted." N.C. Gen. Stat. § 7B-2407(b). Finally, the trial court may only accept a juvenile's admission after determining that there is a "factual basis for the admission." N.C. Gen. Stat. § 7B-2407(c).

In *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 167-68, 27 L. Ed. 2d 162, 171 (1970), the United States Supreme Court held that a criminal defendant was entitled to enter a guilty plea while continuing to maintain his or her innocence. "[A]n '*Alford* plea' constitutes 'a guilty plea in the same way that a plea of *nolo contendere* or no contest is a guilty plea.' " *State v. Alston*, 139 N.C. App. 787, 792, 534 S.E.2d 666, 669 (2000) (quoting *State ex rel. Warren v. Schwarz*, 219 Wis.2d 615, 637, 579 N.W.2d 698, 706, *cert. denied*, 525 U.S. 966, 119 S. Ct. 413, 142 L. Ed. 2d 335 (1998)). "A defendant enters into an *Alford* plea when he proclaims he is innocent, but 'intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt.' " *State v. Chery*, ___ N.C. App. ___, ___, 691 S.E.2d 40, 44 (2010) (quoting *Alford*, 400 U.S. at 37, 91 S. Ct. at 167, 27 L. Ed. 2d at 171). Juvenile's admission was tendered pursuant to the approach approved in *Alford* and its progeny.

Juvenile does not contend that the trial court failed to comply with any of the requirements set forth in N.C. Gen. Stat. § 7B-2407. Instead, Juvenile argues that the trial court erred by failing to ensure that he understood that, by making an Alford admission, he would be

treated as guilty despite his denial of guilt.[1] In support of this argument, Juvenile notes that N.C. Gen. Stat. § 15A-1022(d) requires a trial court, when accepting a plea of *nolo contendere* in a criminal case, to advise the defendant that he or she will be treated as guilty regardless of whether he or she admits guilt and argues that this requirement should be deemed applicable to juvenile proceedings pursuant to N.C. Gen. Stat. § 7B-2405(6).

Although this Court has adopted a "totality of the circumstances" test for use in evaluating the voluntariness of guilty pleas tendered by adult defendants, *State v. Hendricks*, 138 N.C. App. 668, 669-71, 531 S.E.2d 896, 898-99 (2000), this Court and the Supreme Court have declined to require the use of such an analysis for purposes of evaluating the sufficiency of a trial court's compliance with N.C. Gen. Stat. § 7B-2407. *In re T.E.F.*, 167 N.C. App. 1, 5-6, 604 S.E.2d 348, 351 (2004), *aff'd*, 359 N.C. 570, 614 S.E.2d 296 (2005). However, while the "strict compliance" approach delineated by this Court and the Supreme Court in *T.E.F.* rested on the statutory language of N.C. Gen. Stat. § 7B-2407, Juvenile's argument in this case rests upon N.C. Gen. Stat. § 7B-2405(6) and N.C. Gen. Stat. § 15A-1022(d) rather than any sort of alleged noncompliance with N.C. Gen. Stat. § 7B-2407. For that reason, the extent to which Juvenile is entitled to relief from the trial court's adjudication order hinges upon the proper application of the "totality of the circumstances" test set out in *Hendricks*. Thus, the ultimate issue before us in connection with Juvenile's challenge to the acceptance of his admission of responsibility is "whether [the trial court's failure to make the inquiry specified in N.C. Gen. Stat. § 15A-1022(d)] either affected [Juvenile's] decision to plead or undermined the plea's validity." *Hendricks*, 138 N.C. App. at 670, 531 S.E.2d at 898 (citation omitted).

Although the trial court did not strictly comply with N.C. Gen. Stat. § 15A-1022(d), we readily conclude that Juvenile had been informed of the consequences of his *Alford* admission and fully understood that he would be treated as subject to the trial court's dispositional authority after entering his admission. Among other things, Juvenile acknowledged during his colloquy with the trial court that he was admitting responsibility for committing misdemeanor possession of stolen goods and that he had been informed of the most severe consequence that could result from his admission. In addition,

---

1. The trial court did not explicitly address the issue upon which Juvenile's challenge to his adjudication of responsibility is based during its colloquy with Juvenile. Similarly, the relevant issue is not addressed on Form AOC-J-410.

**IN RE C.L.**

[217 N.C. App. 109 (2011)]

Juvenile indicated that he understood the charge to which he was admitting responsibility and the contents of the admission arrangement that he had entered into with the State, that he had discussed the defenses that might be available to him with his trial counsel, and that he was satisfied with his trial counsel's legal services. Finally, Juvenile stated that he understood that he could deny the allegations and have a hearing and that, by admitting responsibility, he was foregoing that right. The fact that Juvenile admitted his guilt during his admission colloquy with the trial court does not, contrary to the argument advanced in Juvenile's brief, convince us that he failed to understand the information that was communicated to him during his colloquy with the trial court. As a result, we conclude that the record developed in the trial court indicates that Juvenile was adequately apprised of the consequences of making his *Alford* admission, understood what would happen if he persisted in making such an admission, and made an "informed choice" to admit responsibility pursuant to *Alford* instead of asserting the rights that would have been available to him had he gone to hearing. *State v. Thompson*, 16 N.C. App. 62, 63, 190 S.E.2d 877, 878 (holding that, where the defendant signed a transcript of plea and the trial judge made careful inquiry of the defendant regarding the voluntariness of his pleas of guilty, the record was "replete with evidence to support the adjudication that the defendant's pleas of guilty were in fact freely, understandingly, and voluntarily given"), *cert. denied*, 282 N.C. 155, 191 S.E.2d 604 (1972). As a result, Juvenile's challenge to the trial court's decision to accept his *Alford* admission lacks merit.

## B. Motion for Continuance

[2] Secondly, Juvenile contends that the trial court erred by denying his motion for a continuance. Once again, we conclude that Juvenile's argument lacks merit.

According to N.C. Gen. Stat. § 7B-2406:

> The court for *good cause* may continue the hearing for as long as is reasonably required to receive additional evidence, reports, or assessments that the court has requested, or other information needed in the best interests of the juvenile and to allow for a reasonable time for the parties to conduct expeditious discovery. Otherwise, continuances shall be granted only in extraordinary circumstances when necessary for the proper administration of justice or in the best interests of the juvenile.

**IN RE C.L.**

[217 N.C. App. 109 (2011)]

(emphasis added). " 'A motion to continue is addressed to the court's sound discretion and will not be disturbed on appeal in the absence of abuse of discretion.' " *In re Humphrey*, 156 N.C. App. 533, 538, 577 S.E.2d 421, 425 (2003) (quoting *Doby v. Lowder*, 72 N.C. App. 22, 24, 324 S.E.2d 26, 28 (1984)). The burden of establishing adequate justification for allowing a requested continuance is on the party seeking such relief. *Id.*

In seeking a continuance of the dispositional hearing, Juvenile argued that such relief was appropriate because (1) his trial counsel had not talked with Juvenile about the possibility that he might be in custody over the Christmas holiday and (2) his trial counsel needed more preparation time. According to Juvenile's trial counsel, the fact that the admission agreement had been entered into on the morning of the hearing had deprived her of an opportunity to review the Court Counselor's recommendation. After carefully reviewing the record, we conclude that the trial court did not abuse its discretion by denying Juvenile's continuance motion. Juvenile was not seeking to obtain additional evidence, reports, or assessments of the type specified in N.C. Gen. Stat. § 7B-2406; instead, Juvenile was seeking to review a pre-dispositional report which had been available to his trial counsel for some period of time. In addition, we have difficulty seeing that Juvenile was seriously prejudiced by the denial of his continuance motion given that the Court Counselor's recommendation and the trial court's dispositional decision were consistent with Juvenile's admission agreement. Juvenile has not claimed that he had access to additional evidence or had any other basis for seeking a disposition that differed from the one that the trial court ultimately adopted. As a result, we conclude that the trial court did not abuse its discretion by denying Juvenile's continuance motion.[2]

---

2. In his brief, Juvenile appears to suggest that the trial court violated N.C. Gen. Stat. § 7B-2501(b), which allows the juvenile and the juvenile's parent, guardian, or custodian an opportunity to present evidence and advise the court "concerning the disposition they believe to be in the best interests of the juvenile," by simply proceeding to enter a dispositional order after denying Juvenile's continuance motion. In view of the fact that Juvenile's trial counsel had already addressed the trial court at the admission hearing, the fact that Juvenile made no effort to present any evidence or to advance any argument concerning dispositional issues, and the fact that the trial court gave Juvenile's mother an opportunity to speak and to ask any questions that she might have had, we conclude that the record does not establish that the trial court violated N.C. Gen. Stat. § 7B-2501(b) at the dispositional hearing.

### III. Conclusion

Thus, for the reasons set forth above, we conclude that the trial court did not err by accepting Juvenile's admission of responsibility or denying Juvenile's continuance motion. As a result, the trial court's orders should be, and hereby are, affirmed.

AFFIRMED.

Judges STEPHENS and BEASLEY concur.