ELMA DE LEASE, Respondent, *v.* EDWARD P. NOLAN, Appellant.

Third Department, November 18, 1918.

**Schools — action by mother against truant officer for assault and battery — officer not a trespasser in undertaking to take child away by force — authority of State over attendance upon instruction — consent of parent to absence of child.**

In an action by a mother against a truant officer for assault and battery it is reversible error for the court to charge the jury that the defendant was a trespasser in undertaking to take the plaintiff's child away from her by force.

The dominion of the State is absolute as far as attendance of children upon instruction is concerned during the ages prescribed in section 621 of the Education Law. The consent of the parent to the absence of the child has no effect upon this lawful dominion of the State.

APPEAL by the defendant, Edward P. Nolan, from a judgment of the County Court of Ulster county, entered in the office of the clerk of said county on the 18th day of April, 1917, upon the verdict of a jury for $250, and also from an order entered in said clerk's office on the 23d day of April, 1917, denying defendant's motion for a new trial made upon the minutes.

*John B. Ball* [*Frank W. Brooks* of counsel], for the appellant.

*A. D. & A. W. Lent* [*Andrew Wright Lent* of counsel], for the respondent.

LYON, J.:

The action is brought to recover damages for assault and battery. Plaintiff was a resident of Bailey Gap school district in the town of Marlborough, in the county of Ulster, N. Y. She was the mother of Edward De Lease, who was twelve years of age at the time of his arrest. The defendant was a school attendance officer of said district. His authority for arresting the boy and taking him to school was found in section 633 of the Education Law of this State, which provided that an attendance officer may arrest without a warrant a child between seven and sixteen years of age who

is a truant from instruction upon which he is lawfully required to attend within the district of such attendance officer, and forthwith deliver the child to the teacher from whose school he is a truant. The defendant went to the house of the plaintiff where the boy was at the noon hour on the 5th day of December, 1916, and attempted to take him to school. The plaintiff interfered, and in the struggle, in which one MacKey, a boarder at the De Lease house, and Mrs. Simeon, a sister of the plaintiff, took part, the plaintiff claims to have been more or less injured, for which she has brought this action. The case was tried before the judge and a jury. The jury rendered a verdict in favor of the plaintiff for $250. From such verdict the defendant has appealed to this court. The parties differ very much as to the occurrences which took place at the house. That the mother at first declined to allow the boy to go to school is practically conceded. That he put the chain on her arm and twisted it in order to compel her to let go of the boy is not disputed. He may have been fully justified in so doing. She had two doctors called in the day following the injury. They gave her some remedy to rub on the arm, which she did not use. She was a Christian Scientist. She said the Almighty was her physician. Up to the time the chain was put on her arm the mother had hold of the boy and was trying to prevent the officer taking him. It does not appear that he applied the chain after she released her hold upon the boy. The officer finally took the boy to school. In the plaintiff's requests to charge the court instructed the jury that from the moment the attendance officer placed his hand upon Edward De Lease in an effort to take him away without his mother's consent he was a trespasser, and continued so during the further controversy at the De Lease premises. To the same effect was the charge to which the defendant excepted. The jury might have found from the evidence that the child resisted the defendant in making the arrest and that he used no more force than was justifiable. The fact that no physician had attended him, and that he was riding a horse at the time the attendance officer first saw him, having been to Highland, a distance of three miles, on business for the plaintiff on the fifth day of December, and also the day before, is confirmatory of the

theory that he was not necessarily out of school by reason of an attack of tonsilitis. During the ten weeks preceding the assault he attended school only fourteen days, while for the remaining nearly eight weeks following the arrest he was in regular attendance.

Defendant was an officer of experience. He was at the time also a game protector. For six years he had been on the board of water supply police and risen to the rank of sergeant. For about one month he had been an attendance officer. On his way that morning in response to a summons by the teacher he had called upon a lawyer who was also a justice of the peace, and been advised as to his duties as attendance officer. When the defendant reached the schoolhouse that morning the teacher told him whom the delinquents were and that Edward De Lease was one of them. The court charged the jury that " the boy, however, was out of school with the consent of his mother, and the truant officer, as I read the statute, was a trespasser in undertaking to take the child away by force." The charge proceeded upon the theory that the boy was not a truant. If the parent fails to cause the child to attend, the child is a truant from instruction upon which he is lawfully required to attend. The statute provides that every person standing in the parental relation to a child within the compulsory school ages of between seven, or eight, and fourteen years, and between fourteen and sixteen to whom an employment certificate has not been issued, in proper mental and physical condition, shall cause such child to attend school. (Education Law [Consol. Laws, chap. 16; Laws of 1910, chap. 140], § 624; Id. § 621, as amd. by Laws of 1911, chap. 710, and Laws of 1913, chap. 511.)

The State is sovereign in the matter of the attendance of a child at school. The dominion of the State is absolute as far as attendance upon instruction is concerned during the ages prescribed in section 621 of the Education Law. The consent of the parent to the absence of the child has no effect upon this lawful dominion of the State. The case of *Reynolds* v. *Board of Education* (33 App. Div. 88) was decided before the adoption of the Consolidated Laws and the amendment by chapter 409 of the Laws of 1909 (amdg. former Education

Law [Consol. Laws, chap. 16; Laws of 1909, chap. 21], § 536), omitting the requirement that the child shall be away from home when arrested, and may be delivered when arrested to a person in a parental relation. Furthermore the law makes it a misdemeanor to interfere with a truant officer in the lawful discharge of his duties. (Education Law, § 634.) To charge the jury that the defendant was a trespasser was I think an erroneous exposition of the law and was, of course, fatal to the defense.

The judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

All concurred.

Judgment and order reversed and new trial granted, with costs to appellant to abide the event.