Liston F. Coon, J.
The issue submitted to the court by the parties to this proceeding is plainly this: “ Do the compulsory education laws require school attendance by a female child under sixteen years of age, against her will, when that child is married and resides with and maintains a household for her husband? ”
The facts in this case are simple. The respondent was 15 years of age on October 27, 1962. On July 21, 1962, upon a license lawfully issued pursuant to an order of the Children’s Court, she was married to her husband, James Rogers. They have since resided together as man and wife within the OdessaMontour Central School District. On September 5, 1962, the girl registered for classes but since that time has attended school but one day. She has resisted further attempts to have her attend school on the grounds that she is a housewife and homemaker and therefore should not be compelled to attend. No issue have resulted from this marriage and the respondent is not now pregnant. A petition was filed in Family Court by the School Attendance Officer pursuant to subdivision (b) of section 712 of the Family Court Act alleging that the child is a person in need of supervision.
Section 3205 of the Education Law, with certain exceptions not applicable here, requires full-time day instruction of all minors between the ages of 7 and 16 years. The maximum age has been in existence for many years. (See Compulsory Education Law of 1894; L. 1894, ch. 671.)
The courts have recognized that the State is sovereign in the matter of school attendance and that such dominion is absolute. (De Lease v. Nolan, 185 App. Div. 82.)
Research discloses no reported cases on the issue involved here and it is unquestionably a case of first impression to the Family Court since the creation of the delineation between a juvenile delinquent and a person in need of supervision. (Family Ct. Act, § 712.)
*681 The real issue here, to this court, goes beyond whether this child is in need of supervision or should be compelled to go to school against her will under the circumstances. There remains a very real problem as to the effect resulting from the association of a married 15-year-old in school with other children of the same age.
Times and the mores of people have changed since the Legislature first created compulsory education. It is doubtful that any thought was given then to the existence of a situation such as is now before the court relative to school attendance.
The unquestioned advantages of school attendance by minors below 16 years of age must therefore be equated against the harmful effects, if any, of forcing the association of a married 15-year-old female with school children of such young and impressionable ages, especially where the former is not disposed to attend school. It seems to the court that the issue goes to the health, safety and welfare of more than just this respondent.
An analogy can be drawn to the cases which hold that children may be excluded from school unless they have first been vaccinated on the basis that the health and welfare of all the children are concerned. (People v. Ekerold, 211 N. Y. 386; People v. McIlwain, 151 N. Y. S. 366.)
It seems ludicrous indeed that a school district can, on one hand, exclude pupils for not having been vaccinated against a practically nonexistent disease (Public Health Law, § 2130) and, on the other hand, compel a married 15-year-old to attend school and associate with other 15-year-olds.
This court feels that the purpose of the Family Court Act was not to adhere so much to legalistic theories as to balance the relative merits and demerits of domestic relationships within the framework of the facts presented in a given situation.
The Family Court Act recites that one of the purposes of the article dealing with juveniles is to provide a due process of law “ for devising an appropriate order of disposition for any person adjudged a juvenile delinquent or in need of supervision ”. (Family Ct. Act, § 711, subd. [b].)
This court interprets that statute to provide power to make an appropriate order in any case short of adjudication.
On the basis of the facts and circumstances of this case, the court finds that respondent is not a person in need of supervision and the petition is accordingly dismissed.