273 So.2d 15 (1973)
T.A.F. and E.M.F., Juveniles, Appellants,
v.
DUVAL COUNTY, Appellee.
No. P-371.
District Court of Appeal of Florida, First District.
January 18, 1973.
Rehearing Denied February 27, 1973.
*16 Louis O. Frost, Jr., Public Defender, Steven E. Rohan, C. Wayne Alford, and H.M. Fletcher, Asst. Public Defenders, for appellants.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellants, each of whom is a minor child subject to the compulsory school attendance law of Florida,[1] have appealed a final order rendered by the Juvenile Court of Duval County adjudging them to be children in need of supervision as defined by F.S. Section 39.01(12)(a), F.S.A., and placing them under the supervision of a juvenile counselor of the court. The primary issue presented for our decision is one of procedure and only incidentally do we touch the merits of the controversy.
On December 1, 1970, the court liaison officer of the Duval County Board of Public Instruction filed in the Juvenile Court of that county a petition alleging that appellants, residents of Jacksonville, were children in need of supervision because their parents had not enrolled them as students for that current school year. Appellants filed in the cause written responses in which they asserted that race mixing as practiced in the public schools was sinful and contrary to their religious beliefs. After the necessary procedural steps were taken, the cause came on for hearing and trial before the court. At the outset of the hearing appellants, represented by their parents in proper person, stipulated that they were not and had not been attending the public schools of Duval County. In the colloquy between court and counsel it was admitted that appellants had been assigned to attend a public school in Duval County but had been prevented from doing so because of the beliefs concerning racial integration entertained by their parents. On the basis of such stipulation, counsel representing the State of Florida announced that he would have nothing further to present at that time since the stipulation by appellants' parents made out a prima facie case establishing that the children involved herein were in need of supervision within the purpose, purview, and intent of the law.
The compulsory school attendance law provides that all children who have attained the age of seven years but have not attained the age of sixteen years during the school year are required to attend school regularly during the entire school term.[2] Admittedly, appellants fall within the classification of children defined by this statute. Our juvenile court law defines a "child in need of supervision" to mean a *17 child who is a persistent truant from school.[3] The statute further provides that when any child shall be adjudicated by a juvenile court to be a child in need of supervision, the court shall have the power to make any disposition authorized for a delinquent child except commitment to the Division of Youth Services of the Department of Health and Rehabilitative Services.[4]
It is appellants' position that the court erred in holding that the State had made out a prima facie case establishing appellants to be children in need of supervision as persistent truants from school upon the bare showing that they had failed to attend the public school to which they had been assigned. They based their position upon the supplemental section of the compulsory school attendance law which provides that regular school attendance as required by the law may be achieved by attendance at (1) a public school supported by public funds; (2) a parochial or denominational school; (3) a private school supported in whole or in part by tuition charges or by endowments or gifts; and, (4) at home with a private tutor who meets all requirements prescribed by law and regulations of the State Board of Education for private tutors.[5] Appellants earnestly assert that in order for the State to have made out a prima facie case against them, it had the burden of going forward with the evidence and establishing also that they did not come within any of the alternatives permitted by the foregoing provision of law. With this contention we are unable to agree.
At the time this case came on for trial before the court, it was fully understood and agreed by all parties concerned that appellants had been properly assigned to a public school in Duval County but had persistently refused to attend because of the beliefs regarding race mixing which were entertained by their parents. It was equally well understood from the pleadings filed in the cause that appellants were contending that they were attending a parochial or denominational school in compliance with one of the alternatives provided by law and were therefore not required to attend the public school to which they had been assigned. It was upon the basis of such agreed understanding that the trial proceeded and extensive testimony adduced. The strict rules of law relating to the burden of proof and admissibility of evidence are greatly relaxed in proceedings of this nature, and the trial is usually conducted in a somewhat informal manner. As said by the author of Florida Jurisprudence:
"It was the purpose and intent of the legislature in enacting the Juvenile Court Act to provide a forum that could consider problems in an informal fashion without the necessity of applying the strictness and technicalities that often accompany routine litigation. The hearing, which is held as soon as possible after the petition is filed, is conducted in an informal manner by a judge without a jury...."[6]
It is only when the failure to observe strictly the technical rules of law and procedure deprives a person of due process, that such failure will be considered grounds for disturbing the judgment appealed.
Appellants urge in the alternative that even should it be held that the State made out a prima facie case against them at the time it rested its evidence, nevertheless the evidence as a whole establishes that they were attending school in compliance with two of the alternatives specified by the statute and, therefore, should not be adjudged to be children in need of juvenile court supervision. The two alternatives to which they make reference are those which provide that regular *18 school attendance may be achieved by attendance at home with a private tutor or in a parochial or denominational school.
The evidence reflects that appellants are being taught in their home in what their parents refer to as the Ida M. Craig Christian Day School. The primary and sole regular instructor in this school is appellants' mother who has not been certified as a teacher nor does she meet the requirements prescribed by law and regulations of the State Board of Education for private tutors. Appellants contend that the Ida M. Craig Christian Day School is either a parochial or denominational school operating under the aegis of the Covenant Church of Jesus Christ, in which church appellants' father is an ordained minister. Such church has not been established in Florida nor does appellants' father hold services for others. The principal tenet of the religious beliefs indulged by members of this church is based on racial segregation. Violations of such beliefs and practices are considered by members of the church to be race mixing and therefore sinful. Appellants' father entertains the belief that blacks and Orientals were conceived through the copulation of Eve and Satan, who was disguised as the serpent in the Garden of Eden, and it is therefore sinful and evil to associate with people of those races.
It appears clear to us that the educational instruction received by appellants in their home through instructions given by their mother does not comply with the provision of the statute regarding instructions at home with a private tutor who meets all prescribed requirements of law. It is equally clear that the Ida M. Craig Christian Day School attended by appellants is neither a parochial nor denominational school within the generally accepted meaning of those terms. For a complete and definitive discussion of what does and does not constitute such a religious belief as will excuse children subject to state compulsory school attendance laws from attending school as required by such laws, see the decision rendered by the Supreme Court of the United States in the case of Wisconsin v. Yoder.[7]
The judgment appealed is affirmed.
RAWLS, Acting C.J., WIGGINTON, J., and POWELL, GILLIS E., Associate Judge, concur.
NOTES
[1] F.S. Chapter 232, F.S.A.
[2] F.S. § 232.01(1)(a), (b), F.S.A.
[3] F.S. § 39.01(12) (a), F.S.A.
[4] F.S. § 39.11(1), F.S.A.
[5] F.S. § 232.02, F.S.A.
[6] 20 Fla.Jur. 198, Juvenile Courts, § 13.
[7] Wisconsin v. Yoder, 406 U.S. 205, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972).