IN RE INTEREST OF K.S., A CHILD UNDER 18 YEARS
OF AGE.
STATE OF NEBRASKA, APPELLANT, v. K.S., APPELLEE.
346 N.W.2d 417

Filed March 30, 1984. No. 83-559.

George Rhodes, Custer County Attorney, for appellant.

Lawrence W. Stunkel, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

This appeal presents to the court the single, narrow question of whether a child under 18 years of age may be habitually truant from school under the provisions of Neb. Rev. Stat. § 43-202(4)(b) (Reissue 1978) when such habitual truancy is at the direction of the child's parents. We should note, at the outset, that § 43-202(4)(b) was repealed in 1981 and may now be found as Neb. Rev. Stat. § 43-247(3)(b) (Cum. Supp. 1982). Our determination, however, is unaffected. The county court for Custer County, Nebraska, sitting as the juvenile court, found that a child could be truant within the meaning of § 43-202(4)(b)

even if the child were withheld from school by the parent. In so finding, the juvenile court determined that it had jurisdiction over the child and entered an appropriate order. On appeal the district court for Custer County found to the contrary and dismissed the action. We believe that the county court was correct and the district court in error, and for that reason the decision of the district court dismissing the petition is reversed and the matter is remanded with instructions to reinstate the petition and the order of adjudication.

The facts disclose that the child involved in this case was 7 years of age at the time the petition was filed in the juvenile court and that he had completed the first grade at a public school in the area. While attending the second grade, his parents withdrew him from school because, according to the parents, boys were not emotionally ready for school until possibly age 10, and because the child allegedly suffered from a form of enuresis which caused the child embarrassment and humiliation while at school. Pursuant to the provisions of Neb. Rev. Stat. § 79-202 (Reissue 1981), the parents requested that their child be excused from the requirements of the compulsory education laws of Nebraska. Neb. Rev. Stat. § 79-201 (Reissue 1981). The school board denied the parents' request, but the child was nevertheless removed from school by the parents. The action of the parents in removing the child from school was clearly a violation of § 79-201. Pursuant to the provisions of Neb. Rev. Stat. § 79-211 (Reissue 1981), the parents were given notice of the child's truancy, and when the child continued to remain away from school, the county attorney caused a petition to be filed in the juvenile court for Custer County, Nebraska. The petition alleged that the child was "a child within the provisions of Section 43-202(2)(c) *and* (4)(b) of the Juvenile Act," and prayed that the minor child be so adjudicated and that he be "corrected, cared for and disciplined according to the

law and the duty of The State of Nebraska." (Emphasis supplied.) The county court, after trial, found that the provisions of § 43-202(2)(c) of the juvenile act did not apply but that the provisions of § 43-202(4)(b) applied, and the court ordered that the minor child be determined to be within the jurisdiction of the juvenile court. No further orders have yet been entered with regard to the disposition of the child. The county court's adjudication, however, was appealed to the district court, and, after hearing, the district court determined that the child was not habitually truant within the meaning of § 43-202(4)(b) because the truancy was caused by the action of the parents and not the intentional or affirmative action of the child.

While neither the compulsory education law of Nebraska nor the Nebraska Juvenile Code defines "truancy" within the meaning of § 43-202(4)(b), we believe that the word is one of common knowledge and may be interpreted for our purposes as defined by the dictionary. We do this in keeping with our previously declared rules concerning appropriate construction of statutes. In *Freese and Johnson v. County of Douglas*, 210 Neb. 521, 526, 315 N.W.2d 638, 641 (1982), we said: " 'The court, in considering the meaning of its statute, should, if possible, discover the legislative intent from the language of the act and give it effect. . . .' " See, also, *Otto v. Hahn*, 209 Neb. 114, 306 N.W.2d 587 (1981). "In construing a statute the court must look to the object to be accomplished, the evils and mischiefs sought to be remedied, or the purpose to be subserved, and place on it a reasonable or liberal construction which will best effect its purpose rather than one which will defeat it." *School District of Murray v. Lancaster*, 203 Neb. 109, 115-16, 277 N.W.2d 558, 562 (1979). See, also, *West Nebraska General Hospital v. Hanlon*, 208 Neb. 173, 302 N.W.2d 694 (1981); *Mitchell v. County of Douglas*, 213 Neb. 355, 329 N.W.2d 112 (1983); *State ex rel. Bouc v. School Dist. of City of Lincoln*, 211

Neb. 731, 320 N.W.2d 472 (1982). And, finally, courts should give statutory language its plain and ordinary meaning. See *Little Blue N.R.D. v. Lower Platte North N.R.D.*, 206 Neb. 535, 294 N.W.2d 598 (1980).

The plain meaning of the statute gives no support to the position of the parents in this case. The dictionary defines "truant" as being "a pupil who stays away from school without permission." Webster's New Universal Unabridged Dictionary 1961 (2d ed. 1983). A child is no less truant if permission were obtained from one without the authority to grant permission. Under Nebraska compulsory attendance law only school authorities have the authority to grant permission to be absent. The fact that the parent grants permission cannot change the meaning of the act. Section 79-201 specifically provides that the compulsory attendance law is violated by a child who does not attend in accordance therewith "except when excused by school authorities." There is no allegation nor evidence in this case that the child has been excused by school authorities, and, quite to the contrary, the evidence is that the child was not excused by authorities. In 79 C.J.S. *Schools and School Districts* § 471 at 396 (1952), it is noted: "A child is a truant if his parent fails to cause him to attend school as required by a compulsory attendance statute, at least where there is not a valid excuse for the absence from school, even though the parent consents to the absence." In *De Lease v. Nolan*, 185 A.D. 82, 84, 172 N.Y.S. 552, 554 (1918), the New York court, after determining that the child was truant, though excused by its parent, said: "The consent of the parent to the absence of the child has no effect upon this lawful dominion of the state." See, also, *F. & F. v. Duval County*, 273 So. 2d 15 (Fla. App. 1973); *In Interest of E.B.*, 287 N.W.2d 462 (N.D. 1980); *In re Alley*, 174 Wis. 85, 182 N.W. 360 (1921); *Simmons v. State*, 175 Ind. App. 333, 371 N.E.2d 1316 (1978); *Sheehan v. Scott*, 520 F.2d

825 (7th Cir. 1975). The source of the truancy seems to be irrelevant to the statutory grant of jurisdiction over a child who is truant.

While § 43-202(2) repeatedly addresses the neglect of a child resulting from the fault of the parent, § 43-202(4) makes no such distinction between an act by the child or an act by the parent. Rather, it simply looks at what the fact of the matter is. That is, the court can acquire exclusive jurisdiction as to any child under the age of 18, under the provisions of § 43-202(4), whenever the facts disclose that the child is uncontrolled by his parent, guardian, or custodian, or deports himself so as to injure or endanger seriously the morals or health of himself or others, or is habitually truant from school or home. For example, the juvenile court may acquire jurisdiction over a child who is endangering seriously the morals or health of himself or others, whether with or without his parents' permission. The question is not whether the parent has permitted the child to engage in immoral activity, but whether the child is in fact immoral and therefore in need of supervision. Likewise, the child may be truant from home because at home the parent abuses the child physically or sexually, yet no one would seriously argue that because a child is truant from home in order to avoid abuse, the juvenile court could not acquire jurisdiction. To hold otherwise would be to completely ignore the purpose and function of the juvenile act, which specifically provides in part that the purpose of the act is "[t]o assure the rights of all children to care and protection and to development of their capacities for a healthy personality, physical well-being and useful citizenship and to protect the public interest." See Neb. Rev. Stat. § 43-201.01(1) (Reissue 1978).

The cause of the truancy seems to be insignificant. In adjudicating a child within the provisions of the juvenile act, we are not concerned with the cause of the problem. What we are concerned with is the

best interests of the child regardless of the cause of the child's problem.

The parents argue that our decision in *State v. Rice*, 204 Neb. 732, 285 N.W.2d 223 (1979), supports their position. We believe that they are in error. In *Rice* we simply held that parents withholding a child from school in violation of the compulsory education laws does not, in and of itself, constitute an act under § 43-202(2)(*c*) and that before the juvenile court can acquire jurisdiction of a child under *that* section, proof must be presented to show that the child is not receiving a proper education. In the *Rice* case the evidence only disclosed the child was truant, and the child may in fact have been receiving a proper education. We cannot fault the county attorney in this case, who carefully read our decision in *Rice* and to avoid the pitfalls of *Rice* added a second arrow to his bow in the form of § 43-202(4)(b), instead of attempting to establish jurisdiction solely under the provisions of § 43-202(2)(c). While the facts in this case, as presented to us, may not be sufficient to establish jurisdiction under § 43-202(2)(c), the mere fact that the child is not complying with the compulsory education laws without being first excused by school authorities establishes truancy, and therefore the court has jurisdiction under § 43-202(4)(b). What the juvenile court does with the child may be affected by who is causing the problem, but that does not affect whether the juvenile court can acquire jurisdiction.

The parents further argue to us that it is unfair to stigmatize the child by reason of the acts of the parents. This argument simply fails to recognize both the provisions of the juvenile act and its intended purpose. The act is designed and required to be applied in order to prevent the child from in any way being stigmatized by reason of either the acts of the parents or the action of the court. Contrary to the parents' claim, the act is designed to eliminate any stigma which may fall upon the child by reason of

the acts of the parents. Neb. Rev. Stat. § 43-206.03(5) (Reissue 1978) specifically provides that "[n]o adjudication by the juvenile court upon the status of a child shall be deemed a conviction nor shall the adjudication operate to impose any of the civil disabilities ordinarily resulting from conviction. The adjudication and the evidence given in the court shall not operate to disqualify such child in any future civil or military service application or appointment. Any admission, confession, or statement made by the child, in court and admitted by the court, in a proceeding under this section, shall be inadmissible against such child in any criminal or civil proceeding . . . ." Furthermore, except for limited purposes, the records of the juvenile court are confidential and unavailable for public scrutiny. See Neb. Rev. Stat. § 43-206.04(2) (Reissue 1978).

What the court will order in this case is yet unknown. All that is at issue is whether the juvenile court may acquire jurisdiction over the child and, by reason thereof, prescribe requirements which will be in the child's best interests. The juvenile court, under the juvenile act, has a number of alternatives, including permitting the child to remain in the home conditioned upon the parents' taking proper steps to ensure the child's regular school attendance. See Neb. Rev. Stat. § 43-210.04(4) (Reissue 1978). We are not, in these cases, concerned with fault. Rather, we are concerned with effect. It is the best interests of the child with which we must deal, and to therefore suggest that the child may not be truant from school simply because the parents require the child not to attend would be to give consideration to form over substance and to abandon the best interests of the child. It is for that reason that we declare that the juvenile court has exclusive original jurisdiction as to any child under the age of 18 years who is habitually truant from school, regardless of whether the truancy is with or without the permission of the parent or guardian. The judgment of the

district court must be reversed and the cause remanded with directions to reinstate the order of the county court and return the matter to the county court for appropriate disposition.

REVERSED AND REMANDED WITH DIRECTIONS.