COWART, Judge.
A person employed by a school board to enforce the Florida Compulsory School Attendance Law (§§ 232.01, et seq., Fla.Stat.), who allegedly had knowledge that a minor was subject to compulsory school attendance and was a habitual truant, filed a petition in the circuit court under section 39.404, Florida Statutes, to have that minor adjudicated dependent for being a habitual truant.
Appellant, the alleged dependent child, appeals from a non-final order denying a motion to dismiss the dependency petition in question. Although the motion to dismiss alleges that the circuit court lacked both subject matter jurisdiction and jurisdiction over the person of the appellant, we find that appellant’s argument is essentially that the circuit court did not have subject matter jurisdiction. We further find that there was no genuine issue but that (1) if the circuit court had subject matter jurisdiction, it was properly invoked by the petition and (2) any such jurisdiction was properly perfected by a sufficient service of process on appellant.[1]
The circuit court has subject matter jurisdiction of a dependency petition filed under section 39.404, Florida Statutes, whether the alleged truancy results from nonenrollment or nonattendance after enrollment. (See § 39.01(9)(d) and § 232.19(1) and (3)(a), Fla.Stat. (1984 Supp.)) Such dependency proceedings may be instituted and maintained without regard to whether criminal prosecutions or proceedings are, or are not, instituted against parents in the county court under section 232.19(1) and (2), Florida Statutes.
Therefore, the non-final order denying the motion to dismiss was not subject to appeal as a non-final order determining jurisdiction of the person under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i), and this appeal is accordingly dismissed. See National Lake Developments, Inc. v. Lake Tippecanoe Owners Assn., Inc., 417 So.2d 655 (Fla.1982); E.E. Dean Suavely, Inc. v. Weatherking, Inc., 359 So.2d 35 (Fla. 4th DCA 1978); Howard Niggles Pontiac-Buick, Inc. v. Brooks, 285 So.2d 38 (Fla. 3d DCA 1973); State Road Department v. Brill, 171 So.2d 229 (Fla. 1st DCA 1964).
DISMISSED.
DAUKSCH and SHARP, JJ., concur.

. For an explanation of the proper meaning of subject matter jurisdiction and its invocation by pleadings and its perfection by service of process, see Florida Power & Light v. Canal Authority, 423 So.2d 421 (Fla. 5th DCA 1982), review denied, 434 So.2d 887 (Fla.1983).