SMITH, Judge.
Appellants, minor children, appeal a final order issued by the circuit court below adjudicating them to be dependent children based upon the court’s finding that they were dependent truants, Chapters 39 and 232, Florida Statutes. They raise six issues on appeal, only one of which merits extended discussion. We reverse.
Prior to the 1984-1985 school year, the parents of these minor children disenrolled their children from the Bradford County public school system and began teaching them at home, utilizing material and curriculum obtained from a correspondence course published by an Illinois-based organization known as the Christian Liberty Academy Satellite Schools (CLASS). Two weeks later, on September 13, 1984, both families received letters from Bradford County public school officials concerning appellants’ non-compliance with Florida’s compulsory school attendance statute, Sections 232.01, et seq. Subsequently, on October 1, 1984, four separate petitions for dependency were filed alleging that the actions of the parents rendered appellants “dependent truants” as defined by Section 39.404, Florida Statutes (1983).
The circuit court adjudicated appellants truant, finding that the parents of the children, who admittedly were not certified tutors, failed to show that their home instruction education met one of four statutory alternatives found in Florida’s compulsory school attendance law, Section 232.-02(1) — (4), Florida Statutes (1983).[1] Accordingly, the court further adjudicated appellants to be dependent children under Chapter 39, Florida Statutes, and ordered the children to continue enrollment at Pine Level Baptist School, a private denominational school located in Starke, Florida. In addition, the circuit court ordered the Department of Health and Rehabilitative Services to supervise the attendance and academic progress of appellants during their enrollment at the Pine Level Baptist School, and to periodically report on these *964 matters to the circuit court. Finally, the court’s order prohibited the parents from enrolling the children at any other school without prior authorization of the court, although the court did specify in its order that the parents were free to re-enroll the children in Bradford County public schools.
Initially, we agree with appellants that the circuit court erred in adjudicating them as dependent children without proof that the persons filing the petitions for dependency followed the procedures mandated by the 1984 amendments to Chapters 39 and 232. As correctly pointed out by appellants, the statutory provisions of Chapters 39 and 232 relating to dependency petitions concerning habitually truant children were amended effective July 1, 1984, and October 1, 1984, to require that certain enumerated steps be taken by the complaining school administration prior to either classifying the children as “habitually truant,” or filing a petition for dependency based on such a classification. Specifically, school administrators, prior to filing a petition for dependency based upon a child’s habitual truancy, must attempt to remediate the child’s truant behavior by (1) meetings between a school attendance professional and the child’s parents concerning the child’s truancy, (2) education counseling between the same parties concerning curriculum changes regarding the child’s truancy, (3) educational evaluations, including psychological testing if necessary, of the child concerning specific conditions causing the child’s truancy, and (4) investigations by designated school officials of the source of the child’s truancy. Sections 39.01(34)(a)-(d), and 232.19(3)(a), (b), Florida Statutes (1984 Supp.). Here, the uncontradicted testimony of appellants’ witness was that no person associated with the Bradford County school system took each step outlined above prior to filing the petitions for dependency appealed from in this case. While it is true that the parents were provided the written notice required under the amended provisions of Section 232.17(2)(c), this no longer is sufficient to satisfy the statutory prerequisites to the filing of dependency petitions based upon a child’s habitual truancy. For this reason, State v. M.M., 407 So.2d 987 (Fla. 4th DCA 1981), relied upon by the circuit court, is not controlling on this issue, since that case involved the 1981 versions of Chapters 39 and 232 which did not include the mandatory provisions now found in the amended statutes. Therefore, we must agree with appellants’ assertion that the use of the word “shall” in the context of Sections 39.01(9)(d), (34) and 232.19(3)(a), signifies the mandatory requirements which must be met before the filing of dependency petitions based upon a minor child’s alleged truancy.[2] See, Drury v. Harding, 461 So.2d 104, 107 (Fla.1984). Accordingly, we reverse the circuit court’s order adjudicating appellants dependent children.
Because of the possibility of continued litigation growing out of this controversy, we have considered the remaining points on appeal but find they merit little discussion. Appellants’ challenge to the circuit court’s subject-matter jurisdiction over the petitions, on the grounds that no criminal proceedings had been instituted against the parents for violations of the compulsory school attendance law under Section 232.-19(1), (2), was rejected in F.B. v. State, 474 So.2d 1221 (Fla. 5th DCA 1985), and State v. M.M., 407 So.2d 987, 990 (Fla. 4th DCA 1981). Similarly, appellants’ arguments that Section 232.02 does not limit home instruction of a minor child to certified private tutors, that the parents established a “private school” under Section 232.02(3), and that Section 232.02(3) is void for vagueness because of the statute’s failure to define “private school,” have all been rejected previously. See, F.B. v. State and State v. M.M., supra; see also, F & F v. Duval County, 273 So.2d 15, 65 ALR3d 1217 (Fla. 1st DCA 1973), cert. den., 283 So.2d 564 (Fla.1973).
*965 Two final points are resolved by more recent legislative changes. The first is appellants’ assertion that Section 232.02(3), (4) denies the parents equal protection under the Florida and United States Constitutions by defining the “physical plant” of a school to include a public school teacher’s home, Section 228.041(7), without including in the definition the home of a non-certified parent. Second, amicus curiae contend that any regulation of home instruction violates the parent’s First Amendment rights to the free exercise of their religion and liberty in the upbringing of their children. Both points have been rendered moot by passage of Chapter 85-144, Laws of Florida, effective July 1, 1985, which allows non-certified parents to educate their children at home, subject to certain notice, record keeping, and achievement testing requirements for the children involved.
For the reasons stated, the circuit court’s order adjudicating appellants dependent children is REVERSED and this cause is REMANDED to the circuit court with directions to dismiss the petitions.
REVERSED and REMANDED.
ERVIN and NIMMONS, JJ., concur.

. The father of the minor children, B.E.C. and J.A.C., testified that both he and his wife had become disenchanted with the education their children had received from the Bradford County public school. They requested and received from CLASS materials allegedly suitable for home instruction of the children. He also testified that both families attempted to meet the legal requirements for securing status as a “private school” pursuant to Section 232.02(3), Florida Statutes (1983), by filing a “data-based survey” with the State Department of Education, attempting to form a legal association, and by "charging” one parent $20.00 tuition per child, the tuition paid by one parent to the other.
According to the witness, the children were taught various academic courses between 8:30 A.M. and 2:30 P.M., the primary teachers being the children’s mothers. He acknowledged that neither mother met state licensing requirements so as to qualify as a "private tutor,” Section 232.02(4), Florida Statutes (1983). He insisted that the "private school" operated by each family was open to children from other families, although he admitted that no other children were attending the "schools" at the time the petitions for delinquency were filed. Also admitted into evidence below was the testimony of various expert witnesses, each indicating that the family "schools” failed to comply with some aspect of Florida law regulating school physical plant, location, and health standards.
Counsel for appellants and the state stipulated that the testimony of the other parents concerning the conditions of their home instruction of their children and their motivations for beginning this instruction would be identical to that of the primary witness. Therefore, neither testified.

. See, particularly, Section 232.19(3), "Habitual Truancy Cases," subparagraph (a), providing in part: "The following criteria shall be met and documented in writing prior to the filing of a petition-" (emphasis supplied).