REQUESTED BY: Ms. Deborah R. Gilg Keith County Attorney P.O. Box 29 112 West First, Suite 3 Ogallala, Nebraska 69153
Dear Ms. Gilg:
You have requested our opinion on the question of whether, under the provisions pertaining to county hospitals contained in Neb.Rev.Stat. § 23-343.10 (Reissue 1983), a county may accept a gift or devise of a building which is presently used as a hospital facility.
Section 23-343.10 provides, in pertinent part, that "Counties having thirty-six hundred inhabitants or more are hereby authorized and empowered to (1) accept a gift or devise of or to purchase a building suitable for conversion into such facility or facilities as provided by §23-343, . . . " (Emphasis added).
Generally, in construing the meaning of a statute, words should be given their ordinary or common meaning. In re Interest of K.S., 216 Neb. 926, 346 N.W.2d 417 (1984). The common or ordinary meaning of the word "conversion", as used in § 23-343.10, is to "change from one form, state, or character into another", or to "change from one use or purpose to another". Webster's Third New International Dictionary 499 (1981). Thus, under a literal interpretation of § 23-343.10, it would appear that a county could not accept a gift or devise of a building presently used as a hospital facility, as the building would not be converted from one use to another, but would simply maintain its existing use.
It is also true, however, that "A sensible construction will be placed upon a statute to effectuate the object of legislation, rather than a literal meaning that would have the effect of defeating the legislative intent." Hall the City of Lincoln, 213 Neb. 517, 521-22, 330 N.W.2d 471, 474
(1983). Furthermore, in construing statutory provisions, courts will, if possible, attempt ". . . to avoid a construction which leads to absurd, unjust, or unconscionable results." Sorenson v. Meyer, 220 Neb. 457, 462,370 N.W.2d 173, 177 (1985).
An examination of § 23-343.10 reveals the apparent legislative intent of this provision is, in part, to permit counties to acquire by gift or devise, buildings suitable for use as hospital facilities. To interpret this provision to prohibit counties from accepting gifts of buildings presently used as hospital facilities would, in our view, be contrary to this legislative intent, and would lead to an unjust and unreasonable result. It simply makes no sense to interpret this provision as intending to permit counties to accept gifts of buildings which must be changed to be suitable for use as hospital facilities, but prohibiting counties from accepting gifts of buildings presently used as hospital facilities. In the latter case, the county would likely benefit from reduced expenditures in connection with the establishment of the facility, by virtue of cost savings associated with eliminating the need to renovate a building to render it suitable for use as a hospital. We believe a sensible construction of the statute should be adopted to avoid preventing a county from receiving the benefits associated with accepting a gift of an existing hospital facility.
Accordingly, it is our opinion that a county may, consistent with § 23-343.10, accept a gift or devise of a building which is currently used as a hospital facility.
Very truly yours,
ROBERT M. SPIRE Attorney General
L. Jay Bartel Assistant Attorney General