IN THE MATTER OF MICHAEL WAYNE HUGHES, JUVENILE

No. 8025DC590

(Filed 6 January 1981)

1. **Infants § 20— violation of probation for delinquency — commitment to Division of Youth Services**

Where respondent juvenile was initially placed on probation as an "undisciplined" child for unlawful absence from school, and his probation was continued when he was adjudicated a delinquent for damage to property by shooting out the windows and screens of a home with an air rifle and again when he was adjudicated a delinquent for stealing $60 from a purse, his probationary status resulted from delinquent behavior rather than merely from the undisciplined behavior upon which it was initially grounded, and the juvenile court had authority to commit respondent to the custody of the Divison of Youth Services for placement in one of its residential facilities upon finding respondent in violation of the conditions of his probation subsequent to the adjudications that he was delinquent.

2. **Infants § 20— commitment of juvenile for delinquency — threat to persons or property in community**

The district court sufficiently found that respondent juvenile's behavior constituted a threat to persons or property in the community to support commitment of respondent to the Division of Youth Services where the court found that respondent "was adjudicated delinquent for injury to real property with an air rifle" and that

In re Hughes

"adjudication was made that [respondent] had stolen $60 from a purse," and the court found from these facts that respondent's "behavior constitutes some threat to persons or property in the community."

APPEAL by juvenile from *Tate, Judge.* Juvenile Commitment Order entered 20 March 1980 in District Court, CATAWBA County. Heard in the Court of Appeals 4 November 1980.

The juvenile respondent appeals from a 20 March 1980 Order committing him for an indefinite term to the custody of the Division of Youth Services for placement in one of its residential facilities. The following preceded entry of the 20 March 1980 Order:

(1) A Juvenile Petition filed 8 February 1978 alleged that respondent was unlawfully absent from school on at least five occasions. By Orders dated 21 February 1978 the juvenile court found that respondent was an undisciplined child as defined by G.S. 7A-278 (5) (now repealed) due to unlawful absence from school, and placed respondent on probation for two years.

(2) A Juvenile Petition filed 12 May 1978 alleged that respondent was a delinquent child as defined by G.S. 7A-278 (2) (now repealed) for having committed an assault with a deadly weapon. By Order filed 6 June 1978 the juvenile court dismissed the petition for failure to find the truth of the allegations beyond a reasonable doubt, but found that respondent previously had been adjudicated an undisciplined child and was "very much in need of more adequate supervision and a more structured environment." It therefore ordered that custody of respondent be placed in the Catawba County Department of Social Services (hereinafter DSS), with authorization to "make placement in his mother's home, in its discretion, pending more adequate placement."

(3) A Juvenile Petition dated 21 August 1978 alleged that respondent was a delinquent child for having wilfully injured a home by shooting out windows and screens "with a BB Air Rifle." By Orders dated 22 August 1978 the juvenile court found respondent to be delinquent, and ordered "that probation be continued, and that DSS intensify its efforts." The court also provided that the complainant homeowner could file a motion for review after she obtained a damage estimate.

(4) A Petition in Pending Case or Motion for Review filed 14 September 1979 set forth the sum of $667.24 as complainant's total damages and requested further disposition with regard to restitution. By Order entered 26 September 1978 the juvenile court found that restitution of this sum by a twelve-year-old boy was out of the question; continued respondent's probation; and continued custody in DSS until further order.

(5) A Juvenile Petition filed 24 September 1979 alleged that respondent was delinquent for having stolen the sum of $60.00 from a complainant's purse. By Order dated 23 October 1979 the juvenile court found respondent to be delinquent and continued final disposition for three months. By Order dated 18 December 1979 the court ordered respondent placed on probation for a period of one additional year upon certain terms and conditions, including the following: "That he cooperate with DSS in accepting placement at Sipe's Orchard Home, and cooperate with agents of that institution."

(6) A Petition in Pending Case or Motion for Review filed 11 March 1980 alleged that respondent was an undisciplined child in that he had violated the conditions of his probation by not accepting placement at Sipes Orchard Home and not cooperating with the agents of DSS. A further Order of the court entered 11 March 1980 committed respondent to the Division of Youth Services for an indefinite term not to exceed his eighteenth birthday for placement in one of its residential facilities. Commitment was suspended for two years with respondent's consent upon the terms and conditions of the 18 December 1979 Order and the added conditions that he accept immediate placement in Sipes Orchard Home and accept counseling and treatment through the local Mental Health Center.

(8) A hearing was held before the juvenile court, on a date not set forth in the record on appeal, at which respondent's case worker with DSS testified that subsequent to the 11 March 1980 Order respondent had not gone to Sipes Orchard Home; had run from school several times; and had said he was not going to stay at Sipes Orchard Home. The case worker recommended that respondent be placed in training school. By Order entered 20 March 1980 the juvenile court found as a fact

that respondent did not accept placement at Sipes Orchard Home or cooperate with officials of the Home; that respondent had been adjudicated undisciplined for truancy and placed on juvenile probation; that respondent had been adjudicated delinquent for injury to real property with an air rifle, and continued on probation; that respondent had been adjudicated delinquent for having stolen $60.00 from a purse, and was continued on probation with the added condition that he cooperate with DSS in accepting placement at Sipes Orchard Home; that on 11 March 1980 an adjudication was made that respondent had not accepted this placement, and disposition was a suspended commitment to the Division of Youth Services, reiterating the prior conditions; and that the court now had found again that respondent had not accepted and continued not to accept residential placement and no other suitable placement in the community appeared to be available. The court thereupon ordered the commitment to custody of the Division of Youth Services for placement in one of its residential facilities, from which order respondent appeals.

*Attorney General Edmisten by Associate Attorney Robert L. Hillman, for the State.*

*Randy D. Duncan for respondent appellant.*

WHICHARD, Judge.

[1] By the first assignment of error argued in respondent's brief, he contends the court erred in committing him to the Division of Youth Services in that he was an "undisciplined" juvenile for whom such commitment was not a statutorily provided dispositional alternative. The initial Juvenile Petition against respondent did charge him with the "undisciplined" behavior of unlawful absence from school. It was for this "status offense" (an offense committed by a juvenile which would not be a crime if committed by an adult) that respondent was initially placed on probation. If commitment to the Division of Youth Services had been grounded on the commission of this offense alone, we would have been compelled to reverse the juvenile court on the grounds that such commitment is not a statutorily permissible dispositional alternative for "undisciplined" behavior. G.S. 7A-648 (Supp. 1979).

Respondent was subsequently, however, adjudicated delinquent

for two unrelated offenses: first, damage to property from shooting out the windows and screens of a home with an air rifle; and second, stealing the sum of $60.00 from a purse. The juvenile court, in compliance with the stated purpose of the North Carolina Juvenile Code of avoiding commitment of the juvenile to training school if he could be helped through community-level resources, G.S. 7A-646 (Supp. 1979), continued respondent's probation in the disposition of both offenses. In so doing the court imposed conditions of probation with which respondent repeatedly refused to comply.

G.S. 7A-658, in pertinent part, provides:

> If a juvenile violates the conditions of his probation, he and his parent after notice, may be required to appear before the court *and the judge may make any disposition of the matter authorized by this act.*

G.S. 7A-658 (Supp. 1979) (emphasis supplied). Commitment of a "delinquent" juvenile to the Division of Youth Services for placement in one of its residential facilities is a disposition authorized by the act. G.S. 7A-649 (10), -652 (Supp. 1979). Therefore, upon finding respondent in violation of the conditions of his probation subsequent to his having been adjudicated delinquent, the juvenile court had the authority to make the commitment which it ordered.

Once respondent was adjudicated delinquent, his probationary status resulted from delinquent behavior rather than merely from the undisciplined behavior upon which it was initially grounded. His commitment to the Division of Youth Services for violation of the conditions of his probation resulting from delinquent behavior was within the ambit of the statutorily permissible dispositional alternatives, rendering this assignment of error without merit.

[2] By the second assignment of error argued in respondent's brief, he contends the court erred by not making findings of fact sufficient to authorize commitment to the Division of Youth Services in that it failed to find that his behavior constituted a threat to persons or property in the community. G.S. 7A-652 requires, as a condition to commitment of a delinquent juvenile to the Division of Youth Services, that the juvenile court find: (1) that the "alternatives to commitment . . . .in G.S. 7A-649 have been attempted unsuccessfully or are inappropriate," and (2) "that the juvenile's behavior constitutes a threat to persons or property in the community." G.S. 7A-652 (a). The

court here satisfied the first requirement by finding that respondent had not accepted and continued not to accept residential placement in community-level facilities, and that no other suitable placement in the community appeared to be available. It satisfied the second requirement by finding that respondent "was adjudicated delinquent for injury to real property with an air rifle" and that "adjudication was made that [respondent] had stolen $60.00 from a purse"; and by finding from these facts that respondent's "behavior constitutes some threat to persons or property in the community." These findings render this assignment of error without merit.

It is evident that the juvenile court, to no avail, made every effort to comply with the purpose of the North Carolina Juvenile Code by selecting "the least restrictive disposition ... that is appropriate to the seriousness of the offense" and by attempting to avoid commitment of the juvenile to training school "if he can be helped through community-level resources." G.S. 7A-646. Only after numerous unsuccessful efforts to deal with the juvenile by other less restrictive dispositional alternatives did the court resort to the most restrictive alternative, namely, commitment to training school. We find no error in the proceedings of the juvenile court or in its ultimate disposition, and the Order appealed from is therefore

Affirmed.,

Judges HEDRICK and CLARK concur.