IN THE MATTER OF: JOHN SPENCER BAXLEY

No. 8412DC1025

(Filed 7 May 1985)

1. **Infants § 20— juvenile recommitted—alternatives not considered—no error**

The lack of findings as to alternatives to commitment in a juvenile order revoking a conditional release and ordering that respondent be recommitted to the Division of Youth Services does not constitute error. A juvenile on conditional release is still technically subject to the original order committing him to the Division of Youth Services; the original order provided authority for

recommittal without the findings required by G.S. 7A-652. G.S. 7A-655, G.S. 7A-656.

**2. Infants § 21— Willie M. rights—under jurisdiction of federal court—appeal dismissed**

    An appeal as to whether the juvenile judge failed to heed the mandate of the Willie M. consent order was dismissed because that order established a Review Panel responsible to the federal court that has the duty of reviewing the services actually being provided each Willie M. child. Given the federal court's continuing jurisdiction and the role of the Review Panel, it would be inappropriate for the Court of Appeals to inquire into whether the respondent was denied his Willie M. rights.

APPEAL by respondent from *Guy, Judge.* Judgment entered 5 June 1984 in District Court, CUMBERLAND County. Heard in the Court of Appeals 4 April 1985.

This case concerns whether the juvenile court judge properly ordered that the respondent John Spencer Baxley be recommitted to the North Carolina Division of Youth Services, Department of Human Resources.

On 25 May 1982 respondent was placed on juvenile probation for a period of one year after admitting to allegations in a petition that he committed misdemeanor breaking and entering and damage to property.

On 24 August 1982, respondent admitted to allegations in new petitions that he violated G.S. 14-51, G.S. 14-72, and G.S. 90-95(a)(3). The court found also that respondent violated his probation. The court found that respondent met criteria for commitment to the Division of Youth Services and ordered that he be committed to the Division for an indefinite term not to exceed his eighteenth birthday. Respondent did not appeal this order.

On 13 January 1984, respondent was placed on conditional release from Samarkand Manor Training School. One of the conditions of his release was that he attend school regularly as required by law.

On 26 April 1984, a Motion for Review of respondent's conditional release was filed, alleging that respondent had violated his conditional release by fighting and by being truant from school. Respondent admitted the allegations and the court found them to be true. The court revoked the conditional release and ordered

that respondent be recommitted to the Division of Youth Services.

Respondent appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Robert E. Cansler, for appellee Department of Human Resources.*

*Assistant Public Defender Jay Trehy for respondent appellant.*

ARNOLD, Judge.

I.

Respondent contends that the juvenile judge erred by making insufficient findings of fact to support an order recommitting him to the Division of Youth Services. He contends also that the juvenile judge abused his discretion "by ignoring the mandate of the Willie M. settlement with the State of North Carolina, and by ordering the Respondent, a certified Willie M. child, to be recommitted to the Division of Youth Services." Neither of these contentions has any merit.

On 24 August 1982 respondent was committed to the Division of Youth Services. On 13 January 1984, he was placed on conditional release from Samarkand Training School. Respondent violated the conditions of his release by not attending school and by fighting. After hearings on a Motion for Review of his conditional release, respondent was recommitted.

The juvenile judge's order contained the following findings of facts and decisions.

> 1) That the allegations contained in the Motion for Review dated April 25th, 1984 alleging violation of Conditional Release are admitted in open court, thru counsel, and the court finds said allegations to be true.
>
> 2) That said child is now on Conditional Release from Samarkand Manor Training School.
>
> 3) That one of the conditions of his Conditional Release was that he attend school.

4) That said juvenile violated his Conditional Release on several occasions by being unlawfully absent from school and suspended several days for fighting.

5) That it is in the best interest of said juvenile that he be returned to the custody of the North Carolina Department of Human Resources.

IT IS THEREFORE ORDERED that said child be and remain a Ward of the Court and his custody is hereby recommitted to the North Carolina Department of Human Resources for an indefinite period not to exceed his eighteenth birthday for violation of Conditional Release.

[1] Under G.S. 7A-656, "[i]f the judge determines that the juvenile has violated the terms of his conditional release, the judge may revoke the conditional release or make any other disposition authorized by this Subchapter." The judge's findings in this case, then, that the respondent violated the conditions of his release, are sufficient to support his revocation of the conditional release.

We agree with the Department of Human Resources that a conditional release from the Division of Youth Services is not the same as probation or final discharge. A juvenile on conditional release is still technically subject to the original order committing him to the Division of Youth Services, which is the basis of whatever restrictions on his activity might be deemed appropriate as "aftercare supervision," G.S. 7A-655. When a juvenile judge revokes a conditional release, the previous order provides authority for recommittal to the Division of Youth Services; no new order with the findings required by G.S. 7A-652 is necessary. *In re Hughes*, 50 N.C. App. 258, 273 S.E. 2d 324 (1981), can therefore be distinguished.

Thus, in the present case, the lack of findings as to alternatives to commitment and as to whether respondent's behavior was a threat to the community does not constitute error in the order revoking respondent's conditional release.

## II.

[2] Respondent also assigns as error the juvenile judge's failure to adhere to the Willie M. settlement entered into by the class of

Willie M. children on one side and the State of North Carolina on the other. Respondent says that the juvenile judge abused his discretion by ignoring the mandate of this settlement.

We agree that, as a certified Willie M. child, respondent has certain special constitutional rights to appropriate treatment by the State of North Carolina. These were established in the consent order in *Willie M. v. James B. Hunt,* No. CC79-0294 slip op. (W.D.N.C. 20 February 1981). Yet, the stipulations by the parties in that case, as adopted by the federal district court in its order, indicate that a Review Panel was established by the court and "shall be responsible to the Court and is created for the purpose of reviewing defendants' compliance with the decree entered in this action." This Review Panel has the duty of reviewing the services actually being provided for each Willie M. child and of determining whether they assure the child the rights he is accorded under the court's decree.

Given the federal district court's continuing jurisdiction over the question of appropriate treatment of Willie M. children, and the role of the Review Panel in evaluating the compliance of the State of North Carolina with the consent order, which was agreed to by the parties, we believe it would be inappropriate for this tribunal to inquire into whether the respondent in the present case was denied his Willie M. rights when the juvenile judge revoked his conditional release.

Respondent's appeal as to the juvenile judge's failure to heed the mandate of the Willie M. consent order is dismissed.

As to the juvenile judge's order revoking respondent's conditional release, we find no error.

Affirmed.

Judges PHILLIPS and COZORT concur.