**IN RE MOLINA**

[132 N.C. App. 373 (1999)]

IN THE MATTER OF: EMMANUEL MOLINA

No. COA98-897

(Filed 16 February 1999)

**Juveniles— training school—other alternatives unsuccessful or inappropriate—lack of recommendation**

The trial court did not err by committing respondent to the Division of Youth Services following a probation violation where it appears the court resorted to training school only after efforts to deal with respondent by other less restrictive dispositional alternatives were unsuccessful or deemed inappropriate. Although respondent argued that the court erred by committing him when no recommendation for such disposition was made by anyone, the option of a training school was suggested by a social worker and, even if the social worker's statement did not amount to a recommendation of training school, there is no statutory provision requiring the trial court to give any particular weight to recommendations made as to a disposition and no prohibition against the court committing a juvenile without any recommendation to that effect.

Appeal by respondent from orders entered 19 May 1998 and 28 May 1998 by Judge Yvonne Mims Evans in Mecklenburg County District Court. Heard in the Court of Appeals 18 January 1999.

On 20 May 1997, a petition was filed alleging that fourteen-year-old Emmanuel Molina (respondent) was a delinquent juvenile in that he committed the offenses of second degree rape and taking indecent liberties with a child. Following a hearing, the trial court entered an order finding beyond a reasonable doubt that respondent committed the offenses. On 23 January 1998, the trial court entered an order placing respondent on probation for twelve months. Among the conditions of probation were that respondent attend school each day; that he complete sixty hours of community service; that he pay a fine of $78.00; and that he cooperate with and successfully complete a juvenile sex offender's program. The trial court also ordered that he serve five days of detention, but that portion of the order was stayed pending respondent's appeal. On 16 April 1998, respondent withdrew his appeal.

On or about 21 April 1998, a court counselor filed a motion for review alleging that respondent had violated a condition of his

probation by having unexcused absences from school. At a hearing, respondent admitted the allegations of the motion for review.

Following the hearing, the trial court entered orders on 19 May 1998 and 28 May 1998 finding that respondent was in violation of conditions of his probation. In the orders, the trial court found that respondent's behavior constitutes a threat to persons or property in the community in that he "forced himself upon his young cousin" and "does not understand or acknowledge his responsibility in this matter." The trial court found respondent needed "to learn acceptable social and sexual behaviors" and "to continue his education, including learning English as a second language." The trial court also found that alternatives to commitment "have been attempted unsuccessfully or were considered and found to be inappropriate" and elaborated as follows:

> Prior to adjudication, the juvenile was offered the opportunity to participate in and successfully complete the Juvenile Sex Offender Program. He did not do so. He denied the offenses and even after adjudication and disposition, he refused to cooperate in the sex offender treatment program. At disposition he was placed on probation for twelve months, ordered into JSO treatment, required to pay a fine of $78.00 and complete 60 hours of community service work.

> At the probation violation hearing on May 15, nearly 5 months after disposition, the juvenile had not paid any portion of his fine even though he had been employed at the time of disposition. Nor had he completed a single hour of community service. More importantly, he had missed seven of eleven Juvenile Sex Offender treatment sessions without good cause. When he did attend, his participation was not fully cooperative.

Based upon its findings, the trial court concluded "that commitment of the juvenile to the Division of Youth Services is the least restrictive dispositional alternative that is available and that is appropriate to meet the needs of the juvenile and the objective of the State in exercising jurisdiction in this case." Based upon its findings and conclusion, the trial court ordered that respondent be committed to the Division of Youth Services for an indefinite term not to exceed his eighteenth birthday and that he participate in and complete the sex offender program offered by the Division of Youth Services. Respondent appeals.

IN RE MOLINA

[132 N.C. App. 373 (1999)]

*Attorney General Michael F. Easley, by Assistant Attorney General Diane Martin Pomper, for the State.*

*Children's Law Center, by Susan Nye Surles, for respondent appellant.*

HORTON, Judge.

Respondent first argues the trial court erred by committing him to the Division of Youth Services "when all community based alternatives had not been exhausted and had not been shown to be inappropriate by all the evidence." We disagree.

N.C. Gen. Stat. § 7A-658 (1995) provides that "[i]f a juvenile violates the conditions of his probation, he and his parent after notice, may be required to appear before the court and the judge may make any disposition of the matter authorized . . . ." N.C. Gen. Stat. § 7A-652(a) (Cum. Supp. 1997) provides that a delinquent juvenile may be committed to training school if the trial court finds "alternatives to commitment as contained in G.S. 7A-647, 7A-648, and 7A-649 have been attempted unsuccessfully or were considered and found to be inappropriate and that the juvenile's behavior constitutes a threat to persons or property in the community." The statute further provides that the trial court's findings must be supported by substantial evidence in the record that the trial court "determined the needs of the juvenile, determined the appropriate community resources required to meet those needs, and explored and exhausted or considered inappropriate those resources[.]" *Id.*

"In selecting among the dispositional alternatives, the trial judge is required to select the least restrictive disposition taking into account the seriousness of the offense, degree of culpability, age, prior record, and circumstances of the particular case." *In re Bullabough,* 89 N.C. App. 171, 185- 86, 365 S.E.2d 642, 650 (1988). The trial court must also consider the best interests of the State and select a dispositional alternative consistent with public safety. *Id.*

In this case, evidence in the record shows as follows: respondent was placed on probation after he committed the offenses of second degree rape and taking indecent liberties with a child; respondent violated conditions of his probation by failing to attend school, by missing juvenile sex offender treatment sessions without good cause, and by failing to cooperate when he did attend those sessions; respondent had not paid any of his fine although he was employed; and that

respondent had not completed any of his community service hours. The record further shows that the trial court received various recommendations for respondent including that he serve additional hours of community service and that he be given an out-of-home placement. A person identified by the parties as a social worker told the trial court that the only options available to ensure respondent's attendance at a treatment program were training school or an out-of-home placement. A letter from a court counselor stated that respondent needed "to be in a placement whether that is home or otherwise that will ensure that he attends group [treatment] and will supervise him while he is in the community."

The evidence in the record fully supports the finding of fact made by the trial court that "[a]ll alternatives to commitment . . . have been attempted unsuccessfully or were considered and found to be inappropriate." It appears the trial court resorted to committing respondent to training school only after efforts to deal with him by other less restrictive dispositional alternatives were unsuccessful or deemed inappropriate. *See In re Hughes*, 50 N.C. App. 258, 273 S.E.2d 324 (1981) (holding that the trial court made every effort to comply with the purpose of the Juvenile Code by selecting the least restrictive dispositions but that after unsuccessful efforts the trial court properly resorted to committing the respondent to training school).

Some of the recommendations made at the hearing in this case dealt with the five days of detention imposed in the first dispositional order. That detention was stayed pending respondent's first appeal. Since respondent withdrew that appeal, he would have been required to serve those five days even if the trial court had not modified the disposition due to his probation violations.

Respondent also argues the trial court erred by committing him to the Division of Youth Services "when no recommendation for such disposition was made by anyone, including the District Attorney, court counselor, or any representative of a community based alternative resource." We disagree.

The option of training school was suggested by a social worker as one of two options that would ensure respondent's attendance at a treatment program. Even if this statement did not amount to a recommendation of training school, respondent has failed to cite any authority in support of his contention that the trial court erred by committing him to the Division of Youth Services when no one made that recommendation. Indeed, there is no statutory provision requir-

ing the trial court to give any particular weight to recommendations made as to a disposition and no prohibition against the trial court committing a juvenile without any recommendation to that effect.

Because there is evidence in the record to support the trial court's orders committing respondent to the Division of Youth Services and because there is no requirement that a recommendation for training school be made before a commitment is ordered, the orders are affirmed.

Affirmed.

Chief Judge EAGLES and Judge McGEE concur.