**IN RE D.M.**

[192 N.C. App. 729 (2008)]

IN THE MATTER OF: D.M.

No. COA08-175

(Filed 16 September 2008)

**Juveniles— post-release supervision—revocation**

The trial court's revocation of a juvenile's post-release supervision was proper based upon its finding that defendant had failed to comply with the conditions of his release. The findings and conclusions contained in a dispositional order pursuant to N.C.G.S. § 7B-2512 are not applicable here. The trial court must only determine by the greater weight of the evidence that the juvenile violated the terms of post-release supervision; once post-release supervision is revoked, return to the Youth Development Center is mandated by statute.

Appeal by defendant from order entered 5 October 2007 by Judge Paul A. Hardison in Sampson County District Court. Heard in the Court of Appeals 27 August 2008.

*Attorney General Roy Cooper, by Assistant Attorney General Jacqueline A. Tope, for the State.*

*Richard E. Jester, for defendant-appellant.*

TYSON, Judge.

D.M. ("defendant"), a juvenile, appeals an order entered, which found defendant to be in violation of his probation and revoked his post-release supervision. We affirm.

## I. Background

On 6 July 2006, defendant pleaded guilty to one count of injury to personal property and one count of misdemeanor assault with a deadly weapon in exchange for the dismissal of fifteen other pending charges. The trial court entered a Juvenile Level 1 and 2 dispositional order adjudicating defendant to be delinquent. Defendant was placed on six months house arrest; followed by twelve months of supervised probation. Defendant was also ordered to pay restitution in the amount of $500.00 and to be confined to an approved detention facility on an intermittent basis for a period of 14 days.

On 19 January 2007, the State filed a Motion for Review based upon: (1) defendant's failure to cooperate with the Restitution

Program; (2) defendant's suspension from Northside High School for failing to follow directions and other disrespectful behavior towards the faculty; and (3) defendant's mother's report, which stated defendant "was beyond her physical control." On 10 April 2007, the trial court entered a Juvenile Level 3 dispositional order that committed defendant to the Department of Juvenile Justice and Delinquency Prevention for placement in the Youth Development Center ("YDC") for a period of at least six months.

On 8 August 2007, defendant was released from the YDC program and was placed on post-release supervision. The trial court imposed the following conditions upon defendant's release: (1) defendant was required to reside in the First and Ten Group Home in Roxboro, North Carolina and follow all of the facility's rules and regulations and (2) defendant was prohibited from associating with any gang members or engaging in gang-related activity. On 13 August 2007, the State filed a second Motion for Review based upon defendant's failure to comply with the preceding conditions and sought the revocation of defendant's post-release supervision. The State also filed a Motion and Order to Show Cause alleging defendant's parents had "disturbed the Group Home placement of [the] juvenile[]" and that "[b]oth parents refuse[d] to follow juvenile [post-release supervision] terms and Group home rules."

On 3 October 2007, the trial court held a hearing on both motions. Anita Melvin ("Melvin"), an employee of the First and Ten Group Home, testified that defendant was informed of the rules and regulations of the facility and consistently violated such rules. Melvin testified defendant used profanity, constantly interrupted conversations during group sessions, and was disrespectful to members of the staff. The trial court subsequently revoked defendant's post-release supervision and ordered him to be recommitted to the YDC. Defendant appeals.

## II. Issue

Defendant argues the trial court erred by finding he violated the terms of his post-release supervision.

## III. Revocation of Post-Release Supervision

N.C. Gen. Stat. § 7B-2516 (2007) provides, in relevant part:

(b) If the court determines by the greater weight of the evidence that the juvenile has violated the terms of post-release supervi-

sion, the court *may* revoke the post-release supervision or make any other disposition authorized by this Subchapter.

(c) If the court revokes post-release supervision, the juvenile *shall* be returned to the Department for placement in a youth development center for an indefinite term of at least 90 days . . . .

(Emphasis supplied). Defendant argues that because no North Carolina case has interpreted N.C. Gen. Stat. § 7B-2516, this Court should look to "Adult probation cases and statutes" for guidance. Defendant cites N.C. Gen. Stat. § 15A-1345(e) in support of his contention that the trial court was required to make findings of fact to support its decision and a summary record of the proceedings. We disagree.

Although defendant correctly states that N.C. Gen. Stat. § 7B-2516 has yet to be interpreted, this Court analyzed a similar juvenile statute in *In the Matter of Baxley*, 74 N.C. App. 527, 328 S.E.2d 831, *disc. rev. denied*, 314 N.C. 330, 333 S.E.2d 483 (1985). In *Baxley*, the juvenile was committed to the Division of Youth Services for an indefinite term not to exceed his eighteenth birthday based upon admitted violations of N.C. Gen. Stat. §§ 14-51, 14-72, and 90-95(a)(3). 74 N.C. App. at 528, 328 S.E.2d at 832. The juvenile was placed on conditional release approximately one and a half years later and was ordered to attend school regularly as required by law. *Id.*

The State subsequently filed a Motion for Review based upon allegations that the juvenile had violated his conditional release by fighting and being absent from school. *Id.* The trial court revoked the juvenile's conditional release and ordered him to be recommitted to the Division of Youth Services. *Id.* at 528-29, 328 S.E.2d at 832.

The juvenile appealed the trial court's order and argued, *inter alia*, "that the juvenile judge erred by making insufficient findings of fact to support an order recommitting him to the Division of Youth Services." *Id.* at 529, 328 S.E.2d at 832. This Court held that the trial court's findings that the juvenile had violated the conditions of his release were sufficient to support its order and stated:

a conditional release from the Division of Youth Services is not the same as probation or final discharge. A juvenile on conditional release is still technically subject to the original order committing him to the Division of Youth Services, which is the basis of whatever restrictions on his activity might be deemed

appropriate as "aftercare supervision," G.S. 7A-655. When a juvenile judge revokes a conditional release, *the previous order provides authority for recommittal to the Division of Youth Services; no new order with the findings required by G.S. 7A-652 is necessary.*

*Id.* at 530, 328 S.E.2d at 833 (emphasis supplied). The reasoning and holding of *Baxley* is particularly instructive based upon the virtually identical language contained within the previous statute and the controlling statute here. *See* N.C. Gen. Stat. § 7A-656 (1981) ("If the judge determines that the juvenile has violated the terms of his conditional release, the judge may revoke the conditional release or make any other disposition authorized by this Subchapter."); *compare* N.C. Gen. Stat. § 7B-2516(b) ("If the court determines by the greater weight of the evidence that the juvenile has violated the terms of post-release supervision, the court may revoke the post-release supervision or make any other disposition authorized by this Subchapter.").

Because "a conditional release from the [Department of Juvenile Justice and Delinquency Prevention] is not the same as probation or final discharge[,]" the requisite findings and conclusions contained in a dispositional order pursuant to N.C. Gen. Stat. § 7B-2512 are not applicable here. *Baxley,* 74 N.C. App. at 530, 328 S.E.2d at 833. Under the plain language of the statute, the trial court must only determine "by the greater weight of the evidence that the juvenile has violated the terms of post-release supervision" in order to revoke the juvenile's post-release supervision. N.C. Gen. Stat. § 7B-2516(b). The statute further provides that if post-release supervision is revoked, the juvenile "shall" be returned to the YDC. N.C. Gen. Stat. § 7B-2516(c).

Here, the trial court found that defendant violated the conditions of his release based upon his failure to comply with the rules and regulations of the First and Ten Group Home. The trial court further found that "these violations [were] without just cause or legal dispute[]" and recommitted defendant to YDC. These findings are sufficient to support the trial court's revocation of defendant's post-release supervision. N.C. Gen. Stat. § 7B-2516; *Baxley,* 74 N.C. App. at 530, 328 S.E.2d at 833. Once defendant's post-release supervision was revoked, return to the YDC is mandated by statute. N.C. Gen. Stat. § 7B-2516(c). This assignment of error is overruled.

**IN RE D.M.**

[192 N.C. App. 729 (2008)]

## IV.  Conclusion

The trial court's revocation of defendant's post-release supervision was proper based upon its finding that defendant had failed to comply with the conditions of his release. The trial court's order is affirmed.

Affirmed.

Judges CALABRIA and ELMORE concur.